(70 App. Div. 529.)

MEYER et al. v. HAVEN et al.

(Supreme Court, Appellate Division, Fourth Department.　March 18, 1902.)

1. JUDGMENT—MODIFICATION BY COURT'S OPINION.

An interlocutory judgment adjudged that a contractor was entitled to recover damages sustained by the blowing down of the brick walls of a building in process of erection through a subcontractor's failure to erect the ironwork binding the walls. The opinion of the special term de- clared that the issue was whether the subcontractor should pay the costs made necessary in re-erecting the walls and the damage done to prop- erty. The appellate division affirmed the judgment in an opinion declar- 'ing that the damages "would be the necessary expense of repairing and rebuilding the walls." *Held*, that the interlocutory judgment was bind-

ing until reversed, and that the special term could not alter the judgment by an opinion limiting the amount of damages recoverable, and thus affect the contractor's substantial rights, for Code Civ. Proc. § 723, limits the power of courts in correcting errors to cases where the substantial rights of the parties are unaffected; and therefore the referee directed to determine damages could not refuse to consider damages other than those involved in rebuilding the walls.

**2. CONTRACT—BREACH—MEASURE OF DAMAGES.**

Where walls of a building in process of erection were blown down because of the subcontractor's breach of contract, it is error to refuse to allow as damages, in addition to the necessary expenses of rebuilding, the loss sustained by the contractor on account of his inability to complete the building in the time prescribed, the increased cost in being required to perform the work in winter, the salaries and wages paid to engineers, foreman, and others employed on the work, and the value of the contractor's own time, if such additional damages may be considered either as naturally arising from the subcontractor's breach or as reasonably to have been in the contemplation of the parties.

**3. SAME—DAMAGES—REMOTENESS.**

The additional damages are not objectionable as being remote and speculative.

Williams, J., dissenting.

Appeal from special term, Erie county.

Suit by Carl Meyer and another against William R. Haven and another. From a final judgment entered upon the decision of the supreme court at a special term, and from an order denying a motion to set aside and vacate the judgment, defendant William R. Haven appeals. Reversed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

C. M. Bushnell, for appellant.

Merton S. Gibbs, for respondents.

DAVY, J. The defendant Haven, on the 12th of May, 1892, entered into a contract in writing with the New York Central & Hudson River Railroad Company to construct and complete certain shops at Depew, N. Y. Haven sublet the structural ironwork for erecting shops A and B, so called, to the plaintiffs. The brickwork on the walls of shop B was erected by the defendant to the height of 26 feet. The work was then suspended for the reason that the plaintiffs were not in readiness to erect the iron trusses. This condition of things continued with respect to shop B until the 5th or 6th day of the following September, when plaintiffs requested the defendant to complete the walls of shop B to the required height of 34 feet, as they were ready to place upon the walls of said building the iron trusses. In compliance with this request, Haven commenced and prosecuted the work, so that on Friday, the 9th of September, 1892, he had the walls of shop B completed to the height of 34 feet. On that day he gave notice to the plaintiffs in writing that the walls of shop B had been erected, and were ready for the trusses, and that he should hold them responsible for any damages which he might sustain by reason of their failure to furnish the trusses and iron work as agreed upon, and that the walls were in such a condition that they were liable to be blown down or injured by the elements unless the iron trusses

were at once placed thereon. On the night of the 13th of September, 1892, the walls of shop B, between the point where the trusses had been placed upon them and the point where the walls had been raised to the height of 34 feet, were blown down. The defendant Haven procured an order of the supreme court discharging the plaintiffs' lien upon executing a bond in the sum of $17,500, conditioned for the payment of any judgment which might be rendered against the property. The action was brought to foreclose a mechanic's lien for $13,789.10, and interest thereon. An answer was interposed, alleging that by reason of the failure of the plaintiffs to perform their agreement with the defendant in omitting to place upon the walls of said buildings the iron trusses in time to prevent the destruction of the walls by wind the defendant was damaged in a large amount, which is set up as a counterclaim to the plaintiffs' demand. The issues were tried at the Erie county special term, and the court found as conclusions of law: (1) That the plaintiffs are liable to the defendant Haven for the damages suffered by him because of the failure of plaintiffs to erect the trusses on the walls of shop B as soon as the walls were in readiness for said trusses, owing to which failure said walls were left in an exposed and unprotected condition, and were blown down by the wind; (2) that, the amount of said damages not clearly appearing on the trial, the defendant Haven is entitled to a reference to some referee, to be appointed by the court, to take proof of, ascertain, and determine the amount of damages sustained by him through the failure of said plaintiffs to erect said trusses; (3) that, the amount of said damages being so ascertained and determined, the same shall be applied upon the said sum of $13,019.04, remaining unpaid from defendant Haven to plaintiffs, in reduction thereof; (4) that plaintiffs are entitled to recover any balance which may appear to be owing and unpaid from said defendant Haven to the plaintiffs herein, after applying said damages as aforesaid. The interlocutory judgment was entered thereon. An appeal was taken therefrom to this court, which was affirmed. 37 App. Div. 201, 55 N. Y. Supp. 864. A referee was then appointed, and after taking the testimony he found that the defendant Haven was entitled to recover from the plaintiffs the sum of $8,660.82, and that the damages, estimated as directed by the interlocutory judgment and the order of reference, were the necessary expenses of repairing and rebuilding the walls that were blown down, the value of the property destroyed, the amount expended in removing the débris of the fallen walls, in cleaning the brick, and the cost of the work required to relay the new walls, amounting in the aggregate to the said sum of $8,660.82. He also found as a conclusion of law that under the interlocutory judgment and the order of reference he was limited to the question of damage growing directly out of the failure of the plaintiffs to put the trusses upon said walls, and the falling of the same in consequence thereof. The referee, in his supplemental report, found that the failure of the plaintiffs to perform their contract prevented the defendant from performing his contract with the railroad company until June 25, 1893; that under the 10 per cent. clause in the contract with said company the defendant Haven lost the use of $27,800 from December 12, 1892, until June

25, 1893, which amounted to the sum of $834; that Haven was compelled to perform and complete a large portion of the work during the winter season, at an increased expense, amounting to at least $2,435; that he was required to retain the services of the engineers, foreman, bookkeepers, and time-keepers employed on the work at a salary and wages amounting to the sum of $4,166; that defendant was also compelled to devote his time and personal services to the performance and completion of the work, which were reasonably worth the sum of $2,000. The referee, in his supplemental report, found as conclusions of law that under the decision of the trial judge, the interlocutory judgment entered thereon, and the orders of reference entered therein, he had no legal authority or right to pass upon the question of the allowance to the defendant of the foregoing items of damages. He also found that said items of damages were not such as were contemplated by the plaintiffs and defendant when they entered into the contract, and that the same were uncertain, remote, and contingent, and could not be allowed to the defendant.

The principal question involved upon this appeal is whether the defendant Haven is entitled to all or any portion of the damages referred to in the referee's supplemental report. The referee, in his opinion which accompanied his report, states that:

"By reference to the opinion of the learned justice who tried the case, we find this expression: 'The principal question arising for a determination upon the issues litigated is whether the plaintiffs should pay the reasonable costs made necessary in re-erecting the walls blown down, and the damage done to property as a consequence.' That upon no other theory than that indicated in the opinion of the learned justice at special term could the learned judge who wrote for the appellate division in this case have said: 'There is no question about the measure of damages, providing the plaintiffs' responsibility is established. Those damages would be the necessary expense of repairing and rebuilding the walls that were blown down.' Meyer v. Haven, 37 App. Div. 201, 55 N. Y. Supp. 864."

The referee construed this language as binding upon him, and as limiting his authority to determine the cost of reconstructing the walls and the value of the property destroyed. This rule of estimating damages would not fully compensate the defendant for all the injuries sustained by him from the falling of the walls. Had the findings and interlocutory judgment limited defendant's recovery to those particular items, the referee might then have properly held that no recovery could be had for any of the items of loss mentioned in the supplemental report. The defendant's right to recover for losses is governed by the interlocutory judgment, based upon the findings. The opinion did not modify or change the judgment. The language of the judgment is plain and unambiguous, and broad enough to cover all damages sustained by the defendant on account of the blowing down of the walls. What the learned justice intimated in his opinion as to plaintiffs' paying the reasonable costs made necessary by re-erecting the walls was merely obiter, and not essential to the disposition of the case, and could not affect the legal rights of the parties fixed by the interlocutory judgment. The rule of law is well settled that after entry of a judgment in an equity acti..., based on findings of fact and conclusions of law, the special term which tried the action

has no power to make amendments therein altering the decision on the merits. Heath v. Banking Co., 146 N. Y. 260, 40 N. E. 770. Section 723 of the Code of Civil Procedure was designed to confer upon courts the amplest power to correct mistakes in process, pleadings, and in all other respects, so long as the substantial rights of the parties are not affected. If the findings and interlocutory judgment were changed so as to allow the defendant only the cost of rebuilding the walls, instead of all the damages sustained, it would materially diminish the amount of his recovery, and thereby affect his substantial rights. The interlocutory judgment, therefore, is conclusive and binding upon the parties until set aside or reversed by an appellate court. In McLean v. Stewart, 14 Hun, 472, the court held that, after a decision had been made and filed in a case, a subsequent special term had no power, upon motion, to alter the judgment entered on such decision as to matters relating to the merits, and that such a change could only be made after a rehearing before the trial judge upon the case being sent back to him, or after a review by an appellate court. The courts have found it difficult to apply a rule of damages that would meet all cases. The decisions upon the subject are not harmonious, but the general rule is clearly stated by Chief Judge Parker in Witherbee v. Meyer, 155 N. Y. 449, 50 N. E. 58. He says:

"The general rule is that the party injured is entitled to recover all of his damages, including gains prevented as well as losses sustained; but this rule is subject always to two conditions: First, that the damages shall be such as must have been fairly within the contemplation of the parties to the contract at the time it was made; and, second, they must be certain, not only in their nature, but as respects the cause from which they proceed, for the law wisely adopts that mode of estimating damages which is most definite and certain."

In Leonard v. Telegraph Co., 41 N. Y. 566, 1 Am. St. Rep. 446, Judge Earl says:

"It is not required that the parties must have contemplated the actual damages which are to be allowed. But the damages must be such as the parties may fairly be supposed to have contemplated when they made the contract. Parties entering into contracts usually contemplate that they will be performed, and not that they will be violated. They very rarely actually contemplate any damages which would flow from any breach, and very frequently have not sufficient information to know what such damages would be. As both parties are usually equally bound to know and be informed of the facts pertaining to the execution or breach of a contract which they have entered into, I think a more precise statement of this rule is that a party is liable for all the direct damages which both parties to the contract would have contemplated as flowing from its breach, if, at the time they entered into it, they had bestowed proper attention upon the subject, and had been fully informed of the facts."

It is presumed that a party violating his contract contemplates the damages which directly ensue from the breach. For instance, where two parties have made a contract, which one of them has broken, the damages which the other ought to receive in respect to such breach would be such as may fairly and reasonably be considered either as arising naturally—that is, according to the usual course of things—from such breach of the contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the

time they made the contract. Now, in this case, if the circumstances under which defendant's contract with the railroad company was made were communicated to the plaintiffs, and known to both parties at the time the subcontract was made, the damages resulting from the breach of such contract, and what the parties reasonably contemplated, would be the extent of the injury which would ordinarily and naturally flow from the breach of the contract. It is a rule of interpretation that the intention of the parties is to be ascertained from the whole contract considered in connection with the surrounding circumstances, known to them both. The plaintiffs, when they entered into the contract with this defendant, must have known that the trusses and ironwork would have to be completed in time to enable the defendant to fulfill his contract with the railroad company, and that the walls could not be erected to their full height until the trusses were in readiness for the building, for the reason that the wind might blow them down.

The next question is whether the damages referred to in the referee's supplemental report are so remote, speculative, and uncertain that the referee was justified in not taking them into consideration in estimating the defendant's damages. It appears that the plaintiffs did not perform their contract or work in time to enable defendant to carry out his agreement with the railroad company at the time fixed by the contract, which was December 12, 1892; that by reason thereof the railroad company, under the 10 per cent. clause in its contract with Haven, retained the sum of $27,800 from December 12, 1892, until June 25, 1893, on account of which defendant lost during that period the use of the money. It also appears that, if the plaintiffs had fulfilled their contract, and put the trusses on the walls when they were completed, the walls would not have blown down, which would have enabled the defendant to have completed his contract with the railroad company in time to have received this sum of money and have had the use of it during the period referred to. So that this item of loss can be traced directly to the plaintiffs' breach of the contract. The defendant, in rebuilding the shop, claims that he was compelled to perform a large portion of the work during the winter season, at an increased expense of at least double the cost of doing the same work in the summer or fall; that he could not abandon his contract, or wait until the weather was warmer, or the days longer and more favorable for doing that kind of work, because his contract with the railroad company called for the completion of the work on or before the 12th day of December, 1892, and in case of a failure he was to pay to the railroad company the sum of $50 a day for each and every day, Sundays and holidays excepted, during the period that the building, or any part thereof, remained incomplete or unfinished. It is not claimed but that the defendant prosecuted the work vigilantly, and in good faith, in rebuilding the shop, and putting it in the same condition it was in at the time the walls were blown down, and that he incurred an increased expense over the sum the work would have cost if it had been done during the summer or fall. The defendant claims that he was compelled to retain the services of certain workmen from December 12, 1892, to June 25, 1893,

at stated wages paid to them; that he was also compelled to devote his time and personal services to the performance and completion of the work from February 12, 1893, to June 25, 1893; and that this labor was necessary in order to complete the building, and was a part of the extra labor and expense incurred by the defendant. The general rule is that, when it is certain that damages have been caused by a breach of contract, a recovery is not prevented by the mere fact that the amount of damages is uncertain or its ascertainment is difficult. One who violates his contract with another is liable for all the direct and proximate damages which result from the violation, including gains prevented as well as losses sustained. The damages, however, must not be speculative or imaginary, but they must be reasonably certain. Wakeman v. Manufacturing Co., 101 N. Y. 209, 4 N. E. 264, 54 Am. Rep. 676; Griffin v. Colver, 16 N. Y. 489, 69 Am. Dec. 718. This rule is subject to the qualification that the person injured by the breach of the contract is bound to do whatever lies in his power to render the damages as light as possible. Allen v. McConihe, 124 N. Y. 347, 26 N. E. 812. In the case of Murdock v. Jones, 3 App. Div. 221, 38 N. Y. Supp. 461, it was held that, where a subcontractor agrees to furnish materials of special design to be used in the construction of a particular house, although he may be ignorant of the time within which the contractor is required by his contract to complete it, he will be liable to the contractor for any unnecessary delay in furnishing the materials, and be bound to indemnify him against any damage he may suffer under his contract because of such delay. Railroad Co. v. Hollerbach, 105 Ind. 137, 5 N. E. 28. We are of the opinion that the learned referee erred in refusing to consider and pass upon the several items of damages referred to, for which error the judgment and order appealed from should be reversed.

Judgment and order reversed, with costs to the appellant to abide the event, and the case remanded to the special term for further hearing upon the items of damages mentioned in the referee's supplemental report. All concurred, except WILLIAMS, J., who dissented.