CHARLES  L.  ALLERS,  Appellant,  v.  OLGA  S.  ALLERS,
Respondent.

Second  Department,  December  10,  1920.

**Husband and wife — separation — power of court to reserve right to
modify judgment as to merits — power of court to modify judg-
ment so as to grant separation to defendant on her counterclaim
— power to award custody of children and support to wife on
counterclaim where facts warrant decree of separation — evidence.**

In an action for separation the court has no power to reserve the right to
modify the judgment as to the merits.

Accordingly the court at another Special Term held by the same justice
has no power to modify a judgment rendered in a separation action brought
by the husband which granted the custody of the children to the wife
and directed the husband to maintain a home for her and the children
and dismissed the complaint, by granting separation to the defendant on
her counterclaim.

The fact that the evidence is sufficient to warrant a decree of separation in
favor of the defendant does rot warrant the modification.

In an action for separation where the facts are sufficient to warrant a decree
of separation in favor of the wife on her counterclaim, the court has the
power to award her less than she demands, and to grant a judgment
awarding to her the custody of the children and support for her and them.

On all the evidence, *held*, that the findings of the trial court against plaintiff's
claims of cruel and inhuman treatment and abandonment and in favor of
like claims by the defendant were sustained by the evidence.

APPEAL by the plaintiff, Charles L. Allers, from a judgment
of the Supreme Court in favor of the defendant, entered in
the office of the clerk of the county of Richmond on the 8th
day of June, 1920, upon the decision of the court rendered
after a trial at the Richmond Special Term, and also from
an order made at the Kings County Special Term and entered
in said clerk's office on the 1st day of September, 1920, amend-
ing said judgment, and also from said judgment as amended.

*Robert H. Elder* [*Leo R. Brilles* and *Eugene Lamb Richards*
with him on the brief], for the appellant.

*Meier Steinbrink* [*Almeth W. Hoff* with him on the brief], for
the respondent.

MILLS, J.:

This action was brought by the plaintiff, a Staten Island doctor, to obtain a separation from his wife. The complaint alleged two grounds, namely:

(a) Cruel and inhuman treatment, and

(b) Abandonment.

The wife in her answer not only denied, but counterclaimed, asking for a separation upon like grounds.

The action was tried out at length, as appears by the bulk of the record before us. The evidence tended to show a long-continued course of unseemly bickering between the parties, evidently due in a large measure to the nervous and jealous disposition of the wife and the usual unwise attempt of the parties to live in close relations with their respective parents. Indeed, this is a case of two mothers-in-law, not merely one, as is common. The learned justice during the trial was quite free with his comments, repeatedly declaring that the evidence did not warrant a separation for either party. Evidently he desired to act the part of a Good Samaritan and take such a course as would ultimately reconcile the parties who appeared to him to be entirely respectable and worthy, with two interesting children whose interest he thought required such reunion. As sometimes happens, the well-intended effort of the learned justice apparently served only to make the parties more irreconcilable. In attempting to carry out his most laudable enterprise, he in his decision found against the plaintiff upon his claims and found in favor of the defendant that, on July 1, 1919, after the parties had become actually separated, the wife in writing offered to live with her husband, which offer she renewed in open court during the trial, but that he, in writing, on July 7, 1919, refused to live with her and likewise so refused during the trial, and that during the past year the plaintiff had not supported his wife and daughter. The decision in its conclusions of law found that the husband's such acts constituted abandonment by the plaintiff of his wife, but, somewhat strange to say, it did not give her a separation but merely gave her the custody of the two children and directed him to maintain a home for her and them. It also directed judgment dismissing the complaint. Judgment

accordingly was settled and entered on June 8, 1920. It also provided that either party at any time might apply to the court to modify the judgment. The plaintiff duly appealed here from that judgment. Thereafter, in August following, the defendant moved at another Richmond Special Term, but held by the same justice, for a modification of the judgment so as to give to the defendant a separation. On August 31, 1920, the learned justice granted that motion and made an order at that Special Term purporting to amend the said decision and judgment accordingly. From that order and the amended judgment, which was entered, plaintiff promptly appealed.

The first contention of the appellant here to be considered is that the court at another Special Term was without power to amend the decision or judgment in a matter of substance, *i. e.,* so as to grant to defendant a separation, the original judgment having not granted it. (*Meyer* v. *Haven,* 70 App. Div. 529, 534; *Smith* v. *Smith,* 121 id. 480; *Pond* v. *New Rochelle Water Co.,* 143 id. 69; *Ring & Son* v. *Winola Worsted Yarn Co.,* 228 N. Y. 127; *Mandel* v. *Guardian Holding Co., Inc.,* 192 App. Div. 390.) The only doubt here upon the point arises from the attempt in the original judgment to reserve to the court the right to modify generally. I conclude, however, that the court had no power to make such a reservation as to the merits. The power of the court to modify as to the custody of the children and the support of the wife is expressly granted by sections 1759 and 1771 of the Code of Civil Procedure. It is doubtless true, as claimed by defendant's counsel, that the facts found in the original decision warranted the conclusion of abandonment therein made, and were sufficient to warrant a decree of separation in favor of the wife, but that did not warrant such an amendment of the decision and judgment upon the merits. Therefore, I conclude that the order amending and the amended judgment must be reversed.

As to the original judgment appellant makes here two contentions:

(a) That as no separation was granted to the defendant the court was without power to grant to her any of the incidents of that relief, such as the custody of the children and support by the husband; and

(b) That the findings against plaintiff's claims and sustaining the defendant's claim were against the weight of the evidence.

As to the first of those contentions I think that it is not well made and should not here be sustained. The settled rule in this respect seems to be that in such an action where the facts are such as to warrant a decree of separation in favor of the wife, the trial court nevertheless has the power to award less than she is entitled to, namely, to award the custody of the children and support; but where the facts do not warrant such a separation the court has no such power. (*Robinson* v. *Robinson*, 146 App. Div. 533; *Kamman* v. *Kamman, No. 1*, 167 id. 423; *Lesser* v. *Lesser*, 187 id. 959. See opinion of Mr. Justice LAZANSKY in the record, not otherwise reported.) Applying the test of this rule to the instant case, the judgment stands approved, as the case is one where the findings warranted a decree of separation in favor of the wife, but for some reason, evidently the hope of final reconciliation of the parties, the trial court did not see fit to grant it.

As to the second contention, namely, that the findings were against the weight of the evidence, I conclude also that that is not sustained by the record. As to the husband's claim of cruel conduct on the part of the wife and her abandonment, while his testimony if fully credited was in my judgment ample to sustain that, yet in each instance her testimony contradicted his, or offered a plausible and sufficient explanation which the trial justice evidently credited. As to the findings in favor of the wife that plaintiff had abandoned her, the proof was ample to sustain that. It consisted of the wife's written offer to return and live with him and his repeated refusal, as to all of which there was no controversy. The learned counsel for the appellant criticises that proof upon the ground that from the language of the wife's written offer and of her offer in court, it is palpable that both offers were made upon the suggestion of her lawyer. I think that that fact should not disparage their effect. Very likely the lawyer prudently advised her that the plaintiff's conduct did not warrant her in living apart from him if he would live with her, and, therefore, he advised her to make the offer.

I do not attempt to review the very voluminous testimony

of the parties as to their differences.    I am confident that I have fairly summarized it and that it was such that a finding upon the merits either way by the trial court was warranted in the sense that it would have to be sustained here.    Hence, I conclude that the original judgment should be sustained.

I advise, therefore, that the amending order and the amended judgment be reversed, and that the original judgment be affirmed, without costs to either party.

RICH, PUTNAM, BLACKMAR and KELLY, JJ., concur.

Amending order and amended judgment reversed, and original judgment affirmed, without costs to either party.