ERNESTO FOGLINO & Co., INC., Appellant and Respondent, *v.* FRANK C. WEBSTER et al., Copartners under the Firm Name of KIDDER, PEABODY & Co., Respondents and Appellants.

*Contract — sale — damages — measure of damages for breach of contract to purchase goods.*

In an action for damages caused by the anticipatory repudiation by defendants of an irrevocable letter of credit, under the circumstances here disclosed, the plaintiff's measure of damages is the difference between the market value of the goods on the date when its loss was to be determined and the price which, under the contract of sale, it was to receive therefor, and a holding that because it had a contract to purchase the goods for more than its market price the profit it would have made on this particular transaction is the injury it has sustained from the wrongful act of defendants is erroneous. Nor is the situation altered by the fact that the original seller to plaintiff has consented to abrogate his contract. The rule does not vary because of the generosity of third parties.

*Foglino & Co., Inc.,* v. *Webster,* 217 App. Div. 282, 300, modified.

(Argued October 20, 1926; decided December 3, 1926.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the first judicial depart-

ment, entered June 7, 1926, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury, bringing up for review an order of said Appellate Division which reversed an order denying a motion to amend the complaint so as to include a demand for interest and granted said motion. The action was for damages for the anticipatory breach or repudiation by the defendants of an irrevocable documentary letter of credit. The complaint alleged the making of a contract by which the plaintiff agreed to sell to the Italian Ministry of Shipping two cargoes of coal; that the Italian Ministry of Shipping undertook to open an irrevocable credit in plaintiff's favor for the payment of the coal against certain enumerated shipping documents; that thereupon the defendants furnished such a letter of credit, being the letter of credit in suit; that before the expiration of the said credit, the defendants wrongfully withdrew the credit and repudiated their liability thereunder and that the plaintiff duly performed.

*Avel B. Silverman, Louis J. Vorhaus* and *David Vorhaus* for plaintiff, appellant and respondent.

*Clifton P. Williamson* and *Edward W. Bourne* for defendants, respondents and appellants.

*Per Curiam.* We agree with the result reached by the Appellate Division in this case, except as to the question of damages. The trial court fixed their measure as the difference between the market value of the coal on the date when the loss of the plaintiff was to be determined° and the price which under the contract of sale it was to receive therefor, or $48,750. Because it had a contract, however, to purchase this coal for more than its market price, the Appellate Division has said that the profit it would have made on this particular transaction is the loss it has sustained by the wrongful act of the defendants. It, therefore, reduced its judgment to $22,500.

Having obligated itself to purchase 15,000 tons of coal

Prepared by State Reporter from Appeal Papers

at $31.75 per ton when the market price was about $30.05, because it was to receive about $33.25 if the transaction had been completed, it would have made, it is true, profits of $1.50 a ton. But the sale failed. Plaintiff is left with 15,000 tons of coal on its hands, or for which it is responsible., For it it has paid or must pay $31.75 per ton. Its market value is $30.05. On each ton it will lose $1.70, or $25,500. Yet it is said it is compensated by the judgment as reduced. We do not think so.

It is argued, however, that on the facts before us such a situation is but theoretical. The original seller of the coal has consented to abrogate its contract. Even so, the rule to be adopted does not vary because of the generosity of third parties.

The judgment of the Appellate Division should be modified so as to award the plaintiff judgment in the sum of $48,750 as damages, with interest thereon from April 30, 1920, and as so modified affirmed, with costs to the plaintiff.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment accordingly.