**UNITED STATES of America, Plaintiff,**

v.

**Fred W. VOGES et al., Defendants. Civ. No. 13927.**

United States District Court E. D. New York.

Nov. 15, 1954.

See, also, 124 F.Supp. 543.

Joseph Jaspan, Brooklyn, N. Y., for receiver.

Matthias Cook, New York City, for C. I. T. Corp.

GALSTON, District Judge.

Under section 3678, Title 26 U.S.C.A., this court appointed a receiver to enforce a tax lien of the Federal Government on the property of Fred W. Voges, Voges Manufacturing Company, Inc., et al.  A receiver appointed under this section has all the powers of a receiver in equity.

The receiver now moves for an order construing two contracts between Voges and the Atlantic Machinery Exchange which have been assigned by Atlantic

to the C. I. T. Corporation. He also requests that the order require a return, by C. I. T., of two sums ($7,104 and $3,000) paid under the contract to Atlantic.

■ The receiver cites In re Hollingsworth and Whitney Co., 1 Cir., 242 F. 753, and Governor Clinton Co. Inc., v. Knott, 2 Cir., 120 F.2d 149, as supporting the proposition that the court may adjudicate, on motion, the rights of the parties and order the return of the requested amounts to Voges. Neither of those cases is in point. In the Hollingsworth case the court ordered compliance with an agreement whereby a claimant of timber, also claimed by the receivers of a bankrupt, agreed to dispose of it and pay over the net proceeds to the receivers to hold as officers of the bankruptcy court. When they failed to turn over the proceeds of the sale, the agreement was treated as an agreement with the court, and was enforced by order without an independent suit for such purpose. In the Knott case the court held that where a fraud was perpetrated on a debtor's estate by debtor's officers and attorney who illegally shared in a fee paid by the estate to the company managing the estate pursuant to an order of the bankruptcy court, the court had summary jurisdiction to protect itself and the interests of persons and property within its custody by ordering the return of the illegal gains. Here there is neither a direct agreement with the court nor an issue of fraud. The cases are clearly distinguishable. The right to apply for instructions does not authorize the receiver to apply for a settlement of a controversy between Voges and C. I. T. The Court may, however, as conceded by C. I. T., instruct the receiver as to his course of action under the contracts.

In June of 1953 the Voges Manufacturing Company entered into two contracts with the Atlantic Machinery Company. The same day that each contract was entered into it was assigned by Atlantic to the C. I. T. Corporation. By this assignment C. I. T. received no greater rights than Atlantic, nor was it obligated to perform any services. The documents are entitled Equipment Leases, and provide for the rental of certain new machinery for a period of twenty-six months.

The rental is to be paid in twenty-six equal monthly installments. In both contracts the last six installments were paid in advance (i. e. payments twenty-one through twenty-six).

The contracts contain a clause entitled Purchase Option which gives the lessee the option to purchase at any time after sixteen months of the date of the contract. Notice of intent to exercise the option must be given no less than thirty days prior to the expiration of the sixteen month period.

"Purchase Option: At any time after * * * sixteen * * * months from date; if Lessee be not then in default hereunder, Lessee shall have the option to purchase said equipment upon giving written notice not less than 30 days prior to expiration of said 16 month period. The purchase price shall be ($2,000.00) ($4,736.00) and shall be paid in cash to C. I. T. Corporation, One Park Avenue, New York, New York, to whom the rights under this lease are this day being sold and assigned."

The amount to be paid under this clause is, in each instance, exactly equal to what would be payments seventeen through twenty. Thus, in each instance, the total rental price for twenty-six months, and the amount reached by adding payments one through sixteen, the purchase option price, and the advance rental payments twenty-one through twenty-six, are identical.

The lessor provides no services under the agreement, and all repairs, insurance and taxes are the responsibility of the lessee.

Section 61 of the New York Personal Property Law, McK.Consol.Laws, c. 41, defines a conditional sale as follows:

"(2) any contract for the bailment or leasing of goods by which

the bailee or lessee contracts to pay as compensation a sum substantially equivalent to the value of the goods, and by which it is agreed that the bailee or lessee is bound to become, or has the option of becoming the owner of such goods upon full compliance with the terms of the contract."

Thus the "equipment leases" in the instant case are by the terms of Section 61, in law, conditional sales contracts.

The receiver has given the required notice of his intent to exercise the option, and now seeks instructions as to whether he is required, under the contract, to pay the option purchase price or whether, in fact, he is entitled to a refund of the advance rental payments, less the option purchase price. He contends that when he exercises the option the Voges Manufacturing Company becomes the title owner of the machinery, and that owners do not pay rent for their own' property. Thus he urges that the advance rental payments should be returned to him less the amount he is obligated to pay under the option clause.

If the receiver's reasoning is correct the contract would be one under which the lessee could purchase for about 75% of the agreed rental price. Such does not seem to be the intent of the parties to the contract.

Read with the knowledge that this is in fact a conditional sales contract and not a lease, the advance rents take on the character of down payments and are part of the purchase prices.

The receiver is instructed to pay the additional amounts specified in the option purchase clauses if in his sound business judgment he so determines. He is not entitled, on such purchase, to be credited with the aforesaid down payments.

Settle order.