John H. Pennock, J.
The plaintiff makes this motion for an order directing that actions 1, 2 and 3 be consolidated and that actions 1 and 2 be removed from Greene County to Albany County, and a day certain be granted.
This motion is granted.
The defendant in actions 2 and 3 moves for summary judgment dismissing plaintiff’s complaint pursuant to CPLR 3212. This motion is denied. The ease of Hadley v. Baxendale (9 Ex. 341; 156 Eng. Rep. 145) traditionally has been the fundamental test for damages where there is a breach of contract: more specifically, in this case, breach of certain warranties. In this landmark case, the predominant and still adhered to rule of damages is that if the damages arise either naturally, in the ordinary and usual course of events from the breach or are of such a nature that they may have been said to have been reasonably within the contemplation of the parties at the time of the agreement, then such damages and recoverable. (See Haughey v. Belmont Quadrangle Drilling Corp., 284 N. Y. 136; Meyer v. Haven, 70 App. Div. 529; Losei Realty Corp. v. City of New York, 254 N. Y. 41; Wakeman v. Wheeler & Wilson Mfg. Co., 101 N. Y. 205.) Damages of gains, profits, loss of business and good will are likewise within the rule if they meet the above tests. (Miller v. Loncao, 127 N. Y. S. 90; Foglino & Co. v. Webster, 244 N. Y. 516; Wharton & Co. v. Winch, 140 N. Y. 287; Paulson v. Margolis, 234 App. Div. 496.) As set forth in the Meyer case above, there is a presumption that a party violating his contract contemplates the damages which follow from the breach. Even if we say that the damages claimed by the plaintiff arose out of circumstances unique to the transaction, plaintiff would still be entitled to show that the defendant, at the time of the making of the contract, had or should have had reasonable notice of knowledge of such special circumstances. (Booth v. Spuyten Duyvil Rolling Mill Co., 60 N. Y. 487.)
There is a cause of action in tort (negligence) forming a basis for the complaint herein, especially since the rules set forth above are not applicable. (Ehrgott v. Mayor etc. of City of New York, 96 N. Y. 264.) A defendant, with regard to negligent acts, whether by omission or commission, must stand ready *531 to respond to and be liable for all damages resulting directly from and as a natural, proximate and reasonable consequence thereof. (See Restatement, Torts, § 916; Garrison v. Sun Print. & Pub. Assn., 207 N. Y. 1; Steitz v. Gifford, 280 N. Y. 15.) It makes no difference whether the property or nontangible assets of another are injured; the rule is applicable.
It has long been held in this State that where a person has been deprived of the use of his property, he may recover the reasonable worth of its use where it can be shown with fair certainty. (American Can Co. v. United States Canning Corp., 12 Misc 2d 750.) In Snow v. Pulitzer (142 N. Y. 263), and predecessor cases, it has been held that where interruption of the plaintiff’s business or the destruction of a business is a proximate result of the defendant’s negligence, the plaintiff may recover such damages. Applying the contract rule, the same conclusion is reached. (Sellari v. Palermo, 188 Misc. 1057.)
The only remaining question is the effect of the plaintiff’s insurance payments which covered the market value of the coins comprising his inventory. Again, there is a well-established rule in this State to cover the point. A receipt of a total or partial sum from a collateral source, independent of the wrongdoer, does not lessen the recoverable damages, whether the action is tort or contract. This includes insurance payments. (Gusikoff v. Republic Stor. Co., 241 App. Div. 889; Restatement, Torts § 920; Lassell v. City of Gloversville, 217 App. Div. 323; Herald Nathan Press v. Bourges, 161 Misc. 208.) The cases of Briggs v. New York Cent. & Hudson Riv. R. R. Co. (72 N. Y. 26) and Allen & Arnick Auto Renting Co. v. United Traction Co. (91 Misc. 531) are indicative of the long line of cases supporting the plaintiff’s position.
The pleadings amply set forth all the facts which would entitle the plaintiff to recovery, and upon the applicable law there are sufficient questions of fact entitling the plaintiff to the relief he is seeking.
It is determined that the cross motion of Roy L. Elliott, doing business as Ace Alarm Co. to dismiss the plaintiff’s complaint in the above action is denied.