HIRAM J. LASSELL, Appellant, *v.* THE CITY OF GLOVERSVILLE, Respondent

Third Department, July 2, 1926.

Negligence — action to recover for injuries suffered by plaintiff, mail carrier, when he was struck by defendant's automobile — receipt by plaintiff of compensation under Federal Compensation Act is not bar to this action — amount so received cannot be set up in mitigation of damages.

An action by the plaintiff, a mail carrier, to recover damages for injuries suffered when he was struck by defendant's automobile while in the performance of his duty, is not barred by the receipt by the plaintiff of compensation under the Federal Compensation Act, and there is nothing in that act which deprives the plaintiff of his right to sue the defendant who is responsible for the injuries.

Neither is the defendant entitled to set up in mitigation or reduction of damages the amount of compensation received by the plaintiff from the Federal government.

APPEAL by the plaintiff, Hiram J. Lassell, from an order of the Supreme Court, made at the Fulton Trial Term and entered in the office of the clerk of the county of Fulton on the 26th day of September, 1924, denying plaintiff's motion to strike out two of the defenses interposed to the complaint.

*Jeremiah Wood* [*Horton D. Wright* of counsel], for the appellant.

*James H. Wood,* for the respondent.

. H. T. KELLOGG, J. The complaint set forth a cause of action to recover damages for personal injuries alleged to have been

caused the plaintiff through the negligence of an agent of the defendant in operating an automobile. The answer denied the material allegations of the complaint. It also set up two affirmative defenses, numbered second and third. The second defense alleged that the plaintiff was a mail carrier in the postal service of the Federal government; that the injuries alleged to have been sustained by him were inflicted while he was in the performance of duties as such mail carrier; that after the injuries were inflicted the plaintiff was awarded and received compensation under the Federal Compensation Act for the disabilities resulting therefrom; that the United States Employees Compensation Commission never authorized the plaintiff to prosecute this action in his own name; that the plaintiff is barred and prevented from maintaining this action. The third defense reasserts the facts set up in the second defense. It further asserts that the plaintiff by accepting compensation under the Federal Compensation Act made an election of remedies inconsistent with the remedy now sought to be enforced. The plaintiff moved to strike out the second and third defenses on the ground that the matter therein asserted was irrelevant. The motion was denied, and this appeal was taken.

The Federal Compensation Act of September 7, 1916 (39 U. S. Stat. at Large, 747, chap. 458; Barnes' Fed. Code, §§ 8122, 8123), after providing for the payment of compensation by the United States to employees sustaining personal injuries while in the performance of their duties, in section 26 provides as follows: " If an injury * * * for which compensation is payable under this act is caused under circumstances creating a legal liability upon some person other than the United States to pay damages therefor, the Commission may require the beneficiary to assign to the United States any right of action he may have to enforce such liability of such other person or any right which he may have to share in any money or other property received in satisfaction of such liability of such other person, or the Commission may require said beneficiary to prosecute said action in his own name." Section 27 of the act provides that if the injured employee received, " as a result of a suit brought by him or on his behalf, or as a result of a settlement made by him or on his behalf," any money in satisfaction of the liability of such other person, he shall refund the amount of compensation paid by the United States and credit any surplus upon future payments to be made to him. The plaintiff in this case was never ordered by the Commission to assign, and has never in fact assigned, his right of action to the United States. Obviously, the act contains no provision which would debar the plaintiff from maintaining this action. On the contrary, the act, by providing

that the injured employee must, from moneys recovered from a third party as the result of a suit brought by him, reimburse the United States for compensation previously received, necessarily, by implication, sanctions the bringing of such an action by an employee upon his own initiative. The defendant also contends that, independently of statute, it is entitled to set up the payment of compensation to the plaintiff by the United States, in reduction or mitigation of damages. The argument is not tenable. It has been held that one sued for causing an injury to another or the death of another, cannot show the payment of life or accident insurance in mitigation of damages. (*Drinkwater* v. *Dinsmore*, 80 N. Y. 390; *Briggs* v. *N. Y. C. & H. R. R. R. Co.*, 72 id. 26; *Merrick* v. *Brainard*, 38 Barb. 574.) In the *Drinkwater* case it was said: " In such cases, proof of the insurance actually paid would not tend to show that the damage claimed was not actually occasioned by the wrong-doer; but it would simply show that compensation had been received by the injured party in whole or in part from some other person — not that the wrong-doer had made satisfaction which alone could give him a defense." We think that the matter set up in the second and third defenses constituted no defense and was wholly irrelevant.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted.

All concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.