HOWARD WOOD, Plaintiff, *v.* FORD GARAGE COMPANY, INC., and Another, Defendants.

Supreme Court, Jefferson County, February 25, 1937.

*Cullen, Norris & Reynolds,* for the plaintiff.

*H. B. & G. W. Donaldson,* for the defendants.

SMITH (EDWARD N.), J. The action is brought to recover damages on account of personal injuries claimed to have been caused by the negligence of the defendants. The amended answer of each of the defendants, after certain admissions here immaterial, sets up as a first defense a general denial of the allegations of the complaint, and as a second defense an allegation of contributory negligence on the part of the plaintiff.

For a third separate answer the defendants allege that the plaintiff was an employee of the United States of America by reason of his being a member of the Civilian Conservation Corps, and that, as such employee, he has been awarded by the United States Employees' Compensation Commission and has received and accepted the compensation provided for by the Federal Compensation Act, and that said Commission has never legally authorized or required the plaintiff to prosecute this action in his own name, and that unless and until the plaintiff has been authorized and required so to do, he is barred and prevented from maintaining it.

For a fourth separate answer the defendants allege that the plaintiff has received and accepted the services of surgeons and physicians and board, medicine and nursing supplies, together with compensation for loss of salary by reason of his inability following the injuries to perform duties as a member of said Civilian Conservation Corps, which expenses have been paid by the United States in accordance with the provisions of said Federal Compensation Act; and that, by reason of the application for and receipt of the aforementioned benefits, the plaintiff " has irrevocably made an election of remedies wholly inconsistent with his right in this court now to collect and receive from these defendants what in effect would be a further and second recovery representing the total cash equivalent thereof;" and that, under said Federal Compensation Act, *if he has not already done so,* the plaintiff may hereafter be required to assign, surrender and turn over this cause of action to the United States, and any recovery permissible in this action, with costs, would belong to the United States and would not be the property of this plaintiff, and that, therefore, the plaintiff is not the real party in interest, and unless the United States is before the court as a party herein there is a defect of parties plaintiff.

For a fifth separate answer the defendants allege that any provisions of the statute, State or Federal, contrary to the legal allega-

tions contained in this answer, are in contravention of the Constitution of the United States of America and the Constitution of the State of New York and deprive the defendants of a legal trial upon the cause of action claimed to have arisen as a result of the accident set up in plaintiff's complaint.

This motion involves an interpretation of pertinent provisions of the United States Employees' Compensation Act. This act, providing for compensation for injuries to employees of the United States, was enacted by chapter 458 of the Laws of 1916 (39 U. S. Stat. at Large, 747). It is found in title V of the United States Code, being chapter 15 of said title, and the pertinent sections are sections 776 and 777. These sections remain as originally enacted.

Said section 776 reads as follows:

" If an injury * * * for which compensation is payable under this chapter is caused under circumstances creating a legal liability upon some person *other than the United States* to pay damages therefor, the Commission *may* require the beneficiary *to assign to the United States any right of action* he may have to enforce such liability *of such other person* or any right which he may have to *share* in any money or other property received in satisfaction of such liability of such other person, *or* the Commission *may* require said beneficiary *to prosecute said action in his own name.*

" If the beneficiary shall refuse to make such assignment or to prosecute said action in his own name when required by the Commission, he shall not be entitled to any compensation under this chapter.

" The cause of action *when assigned to the United States* may be prosecuted or compromised by the Commission, and if the Commission realizes upon such cause of action, it shall apply the money or other property so received in the following manner: After deducting the amount of any compensation already paid to the beneficiary and the expense of such realization or collection, * * * the surplus, if any, shall be paid to the beneficiary and credited upon any future payments of compensation payable to him on account of the same injury." (Laws of 1916, chap. 458, § 26.)

It will be noted that (unlike the provision of section 29 of the Workmen's Compensation Law of the State of New York) the acceptance of compensation under the Federal law does not operate as an assignment or subrogation of the United States to the employee's right of action against a third party, but that, to effect such a result, it requires an actual assignment of the cause of action.

It will also be noted that this section does not require any election upon the part of an injured employee either to accept compensation

or to sue a third party (other than the United States); it only provides th;t in case an injured employee refuses, *upon request of the Commission,* to make such an assignment, he shall not be entitled to any compensation; likewise, it provides that in case, upon like request of the Commission that he prosecute the action against a third party (other than the United States) in his own name, he refuses, he likewise shall not be entitled to any compensation.

There is nothing here which prevents an injured employee of the United States, upon his own initiative, from bringing an action against a third party (other than the United States) to recover for injuries sustained through the latter's negligence, or requires him to make an election to bring such an action or accept compensation, or that the acceptance of compensation effects an assignment to the United States.

On the other hand, and quite to the contrary, section 777 reads:

" If an injury   *   *   *   for which compensation is payable under this chapter is caused under circumstances creating a legal liability in some person other than the United States to pay damages therefor, and a beneficiary *entitled* to compensation from the United States for such injury   *   *   *   receives, as a result of a *suit brought by him or on his behalf or as a result of a settlement* made by him or on his behalf, any money or other property in satisfaction of the liability of such other person, such beneficiary shall, after deducting the costs of suit and a reasonable attorney's fee, apply the money or other property so received in the following manner:

"(A) If his compensation has been paid in whole or in part, he shall refund to the United States the amount of the compensation which has been paid by the United States and credit any surplus upon future payments of compensation payable to him on account of the same injury.   Any amount so refunded to the United States shall be placed to the credit of the employees' compensation fund.

"(B) If no compensation has been paid to him by the United States, he shall credit the money or other property so received upon any compensation payable to him by the United States on account of the same injury."

Now it is apparent that this section in no wise deprives an injured employee of the United States of his right to prosecute an action against a third party, or to settle the same, whether it has been brought at the request of the Commission or on his own initiative; but it does provide, in the event that any compensation has been paid, that he shall refund to the United States the amount so paid, and, if payments are to continue under his right to compensation, that he shall credit any surplus against payments of compensation payable to him on account of the injury.   This does not mean that

he pays over to the United States any amount he may have recovered from a third party; it simply means that the amount of any such surplus received shall be creditied to the United States and charged against him as against any future compensation. Under (B), if he has received no compensation and he is entitled to the same, if he would seek it he must credit to the United States, as against any compensation, the amount which he may have received as a result of the third party action or the settlement thereof.

There is in this Federal statute no limitation at all upon the freedom of action of an employee of the United States in the pursuit of a party *other than the United States* who has caused him personal injury; he may lose the right to compensation if he, upon request of the Commission, refuse to assign his cause of action against such third party to the United States, or if, having the right to compensation and having the right of action against a third party, he refuse to prosecute the action against the third party upon the request of the Commission.

The defendants nowhere allege in their answer that there had been any assignment to the United States of this cause of action. Without such assignment, the United States has no right to bring the action against these defendants, and it has no property rights therein. Furthermore, there is no allegation that the plaintiff has been requested by the Commission to bring the action in his own name; and if there were any such allegation, then it would be an admission on the part of the defendants that the action was properly brought by him.

The United States does not need the aid of these defendants to secure to it any proceeds of any judgment which the plaintiff might recover in this action, or the proceeds of any settlement; it is entirely capable of protecting itself; and, upon the allegations of the answer that the plaintiff is now receiving compensation on account of these injuries from the United States, it is quite evident that the United States is aware of the accident and of the causes of the injury.

The only cause of action which the United States by any possibility could have under the Federal Compensation Act, would have to be based upon an assignment to it of the cause of action; it in no event could recover, without such an assignment, against these parties. I am not here passing upon the question as to whether or not any lien exists upon any recovery, on behalf of the United States, on account of any advances by way of payment of medical or other expenses; it will be time enough to consider that question after there shall have been a recovery and before there shall have been a payment of any judgment.

For the foregoing reasons, and without any examination of the authorities on the subject to which my attention has been called, it is my opinion that the motions to strike out these separate answers should be granted.

Let us, then, examine such authorities as there are upon the subject.

In *Lassell* v. *City of Gloversville* (217 App. Div. 323) the plaintiff, a mail carrier in the postal service of the United States, brought this action to recover damages on account of injuries claimed to have been sustained through the negligence of the defendant. The defendant set up in its answer, as a defense, that the acceptance of compensation under the Federal Compensation Act by the plaintiff operated as a bar to any right of recovery against the defendant, on the ground of an election by him of one of two optional remedies. In connection with this decision it will be noted that the action was brought against a person *other than the United States*. The plaintiff there, as here, made a motion to strike out that part of the answer which set up the aforementioned defense. The motion was granted. It will be noted that the facts and the procedure followed in this action are on all fours with the facts and procedure followed in the instant action.

In *Lassell* v. *Mellon* (219 App. Div. 589) the plaintiff, an employee of the Pennsylvania railroad while it was under the control of the United States government and operated by a Director-General, was injured in the course of his employment; and it was *held* that if he had elected to receive compensation under the Federal Employees' Compensation Act he was barred from prosecuting his action for negligence against the Director-General, and that if he did not elect to make claim for damages for his injuries under the Federal Employees' Compensation Act he would have the right to maintain the action in his own name and prosecute same to judgment. (Citing *Hines* v. *Dahn*, 267 Fed. 105; affd., *sub nom. Dahn* v. *Davis*, 258 U. S. 421.) The case went to the jury on the issue whether there in fact had been any election at all by the plaintiff. The jury was told that, " *as the railroad was operated at the time by the Director-General* " (*i. e.*, the United States), the plaintiff could not avail himself of both remedies. The plaintiff denied that he had made any election, and the question of fact as to whether he had or had not made an election to accept compensation was left to the jury.

In *Hines* v. *Dahn* (267 Fed. 105) the plaintiff, who had suffered injuries caused by negligence in the operation of the railroad, and who was a mail clerk employed by the United States, had elected to receive compensation under the Federal Employees' Compensation Act for injuries sustained in the course of his said employment

*by the railroad and the Director-General.* The complaint was dismissed as against the Illinois Central Railroad Company, for the reason that the railroad was being operated by the United States. The plaintiff had received compensation for the injuries sustained by the negligence of the Director-General of railroads. It was held that he could not recover, on the ground that the action against the Director-General was an action against the United States. This holding was affirmed (258 U. S. 421) on the express ground that the defendant Director-General of railroads was, in effect, the United States, and that the provisions of the statute above quoted, to wit, the sentence, " If an injury or death for which compensation is payable under this chapter is caused under circumstances creating a legal liability upon some person *other than the United States* to pay damages therefor, the Commission may require the beneficiary to assign to the United States," etc., did not apply.

In other words, the United States was expressly exempted from the provisions (§§ 776 and 777, *supra*) which have application to third-party actions; and that, where an employee of the United States is injured through the negligence of the United States, his acceptance of compensation therefrom, under the provisions of the Federal Employees' Compensation Act, constituted an election to take one of two optional remedies and barred a right of recovery against the United States in a common-law action.

The plaintiff has called my attention to two Massachusetts cases, as follows: *Turnquist* v. *Hannon* (219 Mass. 560; 107 N. E. 443); *Barry* v. *Bay State Street Railway Co.* (222 Mass. 366; 110 N. E. 1031). These cases arose under a provision of the Massachusetts Workmen's Compensation Act which reads as follows:

" Section 15. Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability *in some person other than the insured to pay damages in respect thereof*, the employee may at his option proceed either at law against that person to recover damages or against the insurer for compensation under this chapter, but not against both. If compensation be paid under this chapter the association may enforce in the name of the employee, or in its own name and for its own benefit, the liability of such other person." (Mass. Gen. Laws, chap. 152.)

These cases hold that if compensation is accepted by an injured employee for injuries sustained by reason of the negligence of a third party, the insurance carrier, without any assignment of the cause of action, but by reason of the operation of the above-quoted provision of the Workmen's Compensation Act, becomes subrogated

to the rights of the injured employee. In other words, the above-quoted provisions of the Workmen's Compensation Act of Massachusetts, on its face and as interpreted by the courts, is identical, in effect, with the provisions of section 29 of the Workmen's Compensation Law of the State of New York, which is in no wise like or analogous to the provisions of the Federal statute here under consideration.

In expressing the foregoing views, I have not overlooked the doctrine of subrogation of an insurance carrier, upon payment by it of damages sustained by the insured, to any right of action against a third party causing the damage, and, were it not for the provisions of the Federal statute above quoted, there might be a question of a right of action in the United States *pro tanto* the amount paid by it under the Federal Employees' Compensation Act; but even this rule of common law would not defeat the right of the injured person to bring his action or to recover any damages in excess of the amount paid by an insurance carrier. But sections 776 and 777, read together, make specific provision for the protection of the United States on account of any money paid by it under the Federal Employees' Compensation Act in case of recovery by an employee against a third party, and said section 777 takes the place of any common-law right of subrogation, if any such there be, and is binding alike upon all parties to this action. In other words, the United States has, by virtue of this statute, expressly surrendered any rights of subrogation, and, in the place thereof, has substituted statutory provisions for its own protection. The reason for this provision in case of third-party liability seems clear: were there no such provision, the United States might be involved in all manner of litigation throughout these United States, growing out of injuries to its employees, whereas, by the provisions of this statute, it has left the employee, under the limitations of the act, free to maintain any action against a third party, and at the same time has fully protected itself as to any advancements made in anticipation of a recovery by an employee against a third party.

The examination of the authorities submitted by the plaintiff serves in no wise to alter the views hereinbefore expressed, but rather to confirm such views; and, therefore, the motion of the plaintiff to strike out the aforementioned allegations of the answer should be granted.

Ordered accordingly.