Argued June 2; affirmed June 30, 1942

# CARY *v.* BURRIS
(127 P. (2d) 126)

Before KELLY, Chief Justice, and BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*Ralph R. Bailey*, of Portland (Maguire, Shields, Morrison & Biggs and Arthur C. Spencer, Jr., all of Portland, on the brief), for appellant.

*Chester E. McCarty*, of Portland (Glen McCarty, of Portland, on the brief), for respondent.

RAND, J. The plaintiff, while an employee of the federal government, sustained serious bodily injuries as the result of a collision between an automobile in which he was riding as a guest and another automobile driven by the defendant. Plaintiff brought this action for damages, alleging that, as a result of said collision, he had sustained general damages in the sum of $60,000 and special damages in the sum of $2,164.17 for medical, surgical and hospital treatment and nurse hire.

As a partial defense and in mitigation of plaintiff's claim for special damages, the defendant alleged that, at the time and place of the accident, the plaintiff was an employee of the United States and was entitled to the benefits of the United States government compensation act which included the payment by the government of medical and hospital services and for nurse hire and, on information and belief, alleged that all of said expenses had been so paid.

The reply admitted plaintiff's said employment and that the United States Employees' Compensation Commission had advanced all of said sums but that he would be required to reimburse the commission for said

advances out of the proceeds of the judgment when collected.

The trial court charged the jury that plaintiff was not entitled to recover any of said items of special damages and withdrew the same from the consideration of the jury. The jury returned a verdict for $3,500 and judgment was given for that amount. The plaintiff then moved to set aside the judgment and for a new trial because of said instruction. This motion was sustained because of said alleged error and an order was entered setting aside the judgment and granting a new trial. From this order, the defendant has appealed.

The United States compensation act of September 7, 1916, (5 U. S. C. A., § 759), in part provides:

"Immediately after an injury sustained by an employee while in the performance of his duty, whether or not disability has arisen, and for a reasonable time thereafter, the United States shall furnish to such employee reasonable medical, surgical, and hospital services and supplies unless he refuses to accept them. Such services and supplies shall be furnished by United States medical officers and hospitals, but where this is not practicable shall be furnished by private physicians and hospitals designated or approved by the commission and paid for from the employees' compensation fund. * * *"

Section 776 of the act provides in part as follows:

"If any injury or death for which compensation is payable under this chapter is caused under circumstances creating a legal liability upon some person other than the United States to pay damages therefor, the commission may require the beneficiary to assign to the United States any right of action he may have to enforce such liability of such other person or any right which he may have to

share in any money or other property received in satisfaction of such liability of such other person, or the commission may require said beneficiary to prosecute said action in his own name.

"If the beneficiary shall refuse to make such assignment or to prosecute said action in his own name, when required by the commission, he shall not be entitled to any compensation under this chapter. * * *"

■ This section also provides that if the commission shall realize on such claim against third persons, either by suit or settlement, it shall apply the net proceeds to reimbursing the Employees' Compensation Fund for payments theretofore made, and any surplus remaining shall be paid to the beneficiary and credited on future compensation payable for the same injury. If the amount of recovery exceeded the payments made and to be made, obviously the beneficiary would be entitled to the excess. *Dahn v. Davis*, 258 U. S. 421, 66 L. Ed. 696, 42 Supp. Ct. 320.

■ It does not appear that plaintiff was required to or had assigned his cause of action to the United States. Without such assignment, the United States has no right to bring the action against the defendant nor does it have any property right therein. The act, by providing that the injured employee, from the moneys recovered from a third party as a result of a suit brought by him, must reimburse the United States for compensation previously received, necessarily by implication, sanctions the bringing of such action by the injured employee, and a recovery by the employee bars an action by the United States. See *Oklahoma City v. Caple*, 187 Okl. 600, 105 P. (2d) 209, and authorities there cited.

■ Looking at these two federal statutes, it is very clear that the payment to the injured employee is a mere gratuity upon the part of the federal government.

■ While there are authorities to the contrary, the better rule, we think, and the one supported by the greater weight of authority, is as follows:

"In an action for damages for a personal injury, evidence can not be given of charitable subscriptions, donations or contributions made to the plaintiff subsequent to, and by reason of, the injury. These circumstances are not to be permitted to enter into the consideration of the jury in arriving at the measure of damages, and may not be taken into account to diminish the amount of recovery.

* * *" II Rorer on Railroads, p. 859.

"Damages cannot be reduced by an amount which the plaintiff may have received from third parties, acting independently of the defendant, though it is given to the plaintiff on account of the injury. For it is given either as a pure gift, not intended by the giver to be in lieu of damages, or else it is given in performance of a contract, the consideration of which was furnished by the plaintiff. In neither case has the defendant any equitable or legal claim to share in the benefit." 1 Sedgwick on Damages, 9th ed., § 67.

In section 860, the same author says:

"The fact that services for nursing were rendered gratuitously does not reduce the amount to be recovered on account of reasonable medical expenses."

In 1 Sutherland on Damages, 3 ed., section 158, the author says:

"Generally there can be no abatement of damages on the principle of partial compensation received for the injury where it comes from a col-

lateral source, wholly independent of the defendant, and is as to him *res inter alios acta.* * * * nor does the gratuitous care and nursing of an injured plaintiff relieve the party who caused the injury from liability for their worth.''

See also *Nashville, etc., Railway Company v. Miller,* 120 Ga. 453, 47 S. E. 959, 67 L. R. A. 87, 1 Ann. Cas. 210, and authorities there cited.

Under these authorities, it is only compensation made by the wrongdoer himself which gives a defense to the action. From this, it follows that the charge given by the trial court which withdrew from the consideration of the jury the question of an allowance for special damages was error and the action of the trial court in setting aside the judgment and granting a new trial was proper.

■ Upon the argument here, plaintiff's attorney requested this court to exercise its constitutional power of deciding the case upon the record, and suggested that the court merely add to the damages awarded by the jury the additional sum of $2,164.17, claimed as special damages which the trial court withdrew from the consideration of the jury, and enter a final judgment for the sum of $5,664.17.

After a careful examination of the testimony submitted upon the trial, we are of the opinion that that would be an improper exercise of power upon our part. For these reasons, we hold that the action of the trial court in setting aside the judgment and granting a new trial was proper and that the judgment appealed from must be affirmed. The cause will, therefore, be remanded to the court below for a new trial and for such further proceedings as are not inconsistent herewith. It is so ordered.