### DIERSSEN v. WOOLEVER.
#### Civ. No. 1012.

District Court, D. Connecticut.
Jan. 13, 1944.

Frederick J. Rundbaken, of Hartford, Conn., for plaintiff.

Julius B. Schatz (of Schatz & Weinstein), of Hartford, Conn., for defendant.

SMITH, District Judge.

Defendant moves to cite in the United States as a party-plaintiff, claiming that the United States has paid compensation and medical expenses to the plaintiff, an employee of the United States at the time of the injury, and is maintaining this action in his name, and that the United States is, therefore, a real party in interest.

■ It is unnecessary to pass on the question of whether the United States is a real party in interest by analogy with the status of an employer or insurer under state workmen's compensation acts, as defendant argues, either with or without an assignment from the plaintiff (which the plaintiff denies has been made in this case). The motion cannot be granted, since there is nowhere shown permission by the sovereign to submit to suit in a matter of this nature under the Compensation Act.

■ While Rule 17 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, with reference to the real party in interest, may apply to the United States, if statutory authority exists to make the United States a party, the Rules themselves cannot be held to have been intended to broaden the permission given by statute to sue the United States.

■ The Compensation Act itself, 5 U.S.C.A. §§ 751-798, does not contemplate or provide for suits against the United States by the employee. Dahn v. Davis, 1922, 258 U.S. 421, 42 S.Ct. 320, 66 L.Ed. 696.

■ The commission may require an employee to assign his right of action to the United States or to prosecute an action on it in his own name, as a condition of receiving compensation. The United States may sue on an assigned claim, the proceeds to go first to repay the compensation fund and any balance to the injured employee. 5 U.S.C.A. § 776.

The United States has no right of action in the absence of an assignment under the statute.

We can hardly spell out from this provision an intention to permit the United States to be made an involuntary party, since the power is specifically reserved, in these cases where the employee is willing to have his claim litigated for the benefit of the compensation fund in order to obtain the benefits of the Act, to require that he conduct the litigation in his own name. See 2 Moore Federal Practice 1942 Cum. Supp., p. 10; compare Kreiger v. Lehigh Valley Railroad Company, D.C.E.D.N.Y. 1941, 1 F.R.D. 601. (Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.)

The motion to cite in the United States as party-plaintiff is denied.