UNITED STATES v. KLEIN et al.

No. 13078.

Circuit Court of Appeals, Eighth Circuit.

Jan. 10, 1946.

56

Paul A. Sweeney, Attorney, Department of Justice of Washington, D. C. (Francis M. Shea, Asst. Atty. Gen., Maurice F. Donegan, U. S. Atty., of Davenport, Iowa, William R. Sheridan, Asst. U. S. Atty., of Keokuk, Iowa, Cloid I. Level, Asst. U. S. Atty., of Des Moines, Iowa, and George F. Foley, Attorney, Department of Justice, and John F. Wolf, Attorney, Department of Justice, both of Washington, D. C., on the brief), for appellant.

Neill Garrett, of Des Moines, Iowa (Gibson, Stewart & Garrett and Ben J. Gibson, all of Des Moines, Iowa, on the brief), for appellees.

Before GARDNER, THOMAS and RIDDICK, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from a judgment dismissing the complaint of the United States which sought to recover hospital and medical expenses which it had incurred in treating an injured Civilian Conservation Corps enrollee, together with compensation which was paid to him by the United States during the time he was incapacitated. The parties will be referred to as they were designated in the trial court.

Plaintiff's complaint alleged that Melvin F. Ward, an enrollee of the Civilian Conservation Corps, while absent from his camp on leave on May 9, 1937, was involved in an automobile accident wherein the automobile in which he was riding and the automobile of defendants collided, as a result of which Ward sustained serious personal injuries disabling him for 337 days; that plaintiff paid Ward during his disability $337 as compensation and $1252.50 hospitalization charges, together with $37.75 hospitalization charges in a private hospital and private medical services.

Defendants answered, denying that they were guilty of any negligence proximately causing injury to Ward, and as affirmative defenses pleaded that they had negotiated for a settlement with Ward and his parents and that the officers and representatives of plaintiff having charge of the matter knew and were fully advised of the negotiations for settlement, and that defendants were advised by such officers that the United States claimed only the sum of $37.75 paid

for the emergency care of Ward, which amount defendants offered to pay. They also challenged the sufficiency of the allegations of the complaint to entitle plaintiff to any relief; that the action was barred by the Iowa statute of limitations, and that the complaint showed on its face that no privity existed between plaintiff and defendants; that plaintiff was estopped from maintaining the action because of settlements made with Ward with full knowledge and consent of the plaintiff.

The action by agreement of the parties was heard upon the defenses pleaded in bar. Certain letters and correspondence attached to the pleadings were admitted to be correct copies of letters and correspondence between the parties as indicated. The court determined the issues presented in favor of the defendants and as they were vital to the right to maintain the action the court dismissed the complaint on its merits, expressing the view that the plaintiff's complaint did not state sufficient facts to entitle plaintiff to any relief, and that there was no privity between plaintiff and defendants as to the asserted claims. The court did not pass upon the question as to whether the action was barred by the Iowa statute of limitations, nor upon the question as to whether the plaintiff should be estopped to maintain the action.

In seeking reversal plaintiff contends in effect: (1) that the complaint states a cause of action because the common-law relationship of master and servant existed between the United States and Melvin F. Ward and that plaintiff was entitled to recover for loss of services and for medical treatment and hospitalization; (2) that the Employees' Compensation Act does not provide an exclusive method or set up any scheme by which the United States could reimburse itself for the loss of services of Ward or for the sums expended for his hospitalization and medical care, and hence, plaintiff was entitled to maintain the action in its own name to recover for such loss.

The status of Ward, an enrollee in the Civilian Conservation Corps, must be determined by reference to the United States statutes. The Act establishing the Civilian Conservation Corps provided that in the event a member of the Corps suffered disability caused by traumatic injury in line of duty then the provisions of the United States Employees' Compensation Act of September 7, 1916, should apply. Title 5 U.S.C.A. § 751 et seq. The Civilian Conservation Corps was established by Act of June 28, 1937, Title 16 U.S.C.A. § 584 et seq., for the stated purpose of "providing employment, as well as vocational training, for youthful citizens of the United States who are unemployed and in need of employment." The Act designated the work projects to be performed and prescribed the compensation to be paid enrollees. Section 10 of the Act, Title 16 U.S.C.A. § 584i, reads in part as follows: "Enrollees shall be provided, in addition to the monthly rates of pay, with such quarters, subsistence, and clothing, or commutation in lieu thereof, medical attention, hospitalization, and transportation as the Director may deem necessary * * *; Provided further, That the provisions of section 796 of Title 5 relating to disability or death compensation and benefits shall apply to the enrolled personnel of the Corps."

By reason of this provision, an enrollee became entitled to medical care and hospitalization at camp in cases of temporary illness, injury or indisposition requiring ordinary attention and which were not of a disabling nature. The last provision of the section, it will be observed, makes applicable to enrollees Section 796 of Title 5, relating to disability compensation. That section contains the following: "The provisions of sections 751–791, 793 of this title, are hereby extended, so far as they may be applicable, to employees of the Federal Civil Works Administration only for disability or death resulting from traumatic injury while in the performance of duty, * * *; Provided further, That traumatic injury shall mean only injury by accident causing damage or harm to the physical structure of the body and shall not include a disease in any form except as it shall naturally result from the injury * * *."

This Section 796, by reference embodies Sections 751–791 and 793, which deal with compensation for injury to employees of the United States. The Employees' Compensation Act, Title 5 U.S.C.A. § 759, as amended June 26, 1926, provides as follows:

"Medical, surgical, and hospital service; transportation expenses. For any injury sustained by an employee while in the performance of duty, whether or not disability has arisen, the United States shall furnish to the employee all services, appliances, and supplies prescribed or recommended by duly qualified physicians which, in the opinion of the commission, are likely to cure or

to give relief or to reduce the degree or the period of disability or to aid in lessening the amount of the monthly compensation. Such services, appliances, and supplies shall be furnished by or upon the order of United States medical officers and hospitals, but where this is not practicable they shall be furnished by or upon the order of private physicians and hospitals designated or approved by the commission. For the securing of such services, appliances, and supplies, the employee may be furnished transportation, and may be paid all expenses incident to the securing of such services, appliances, and supplies, which, in the opinion of the commission, are necessary and reasonable. All such expenses when authorized or approved by the commission shall be paid from the employees' compensation fund. Any award heretofore made by the commission on account of expenses incurred under this section prior to June 26, 1926, shall be valid, if such award would be valid if made on account of expenses incurred under this section after June 26, 1926. (As amended June 26, 1926, c. 695, § 1, 44 Stat. 772.)"

Ward at the time of the accident was carried as in line of duty and the injuries received by him were traumatic so that under the provisions of the Employees' Compensation Act above quoted, the United States could have recouped any expenses incurred. When Ward suffered a traumatic injury he was hospitalized away from his camp at the Army Hospital at Fort Des Moines, where he was carried as injured in line of duty. This was pursuant to a War Department regulation providing that, "A member who, during authorized absence from Camp is injured or becomes ill and who in consequence is confined to a hospital or to his home will be carried until his return as sick in line of duty, provided the injury or illness is not a result of his own misconduct, and provided further that an investigation discloses that the additional absence involved was unavoidable. During such absence from camp the member is entitled to pay."

In such circumstances the disability compensation and benefits provided for Civil Works Administration employees are made applicable to the members of the Civilian Conservation Corps.

Section 776, Title 5 U.S.C.A., provides a method by which the United States may recover expenditures made to a beneficiary where there is a legal liability upon a third party to pay damages. The section provides as follows.

"If an injury or death for which compensation is payable under this chapter is caused under circumstances creating a legal liability upon some person other than the United States to pay damages therefor, the commission may require the beneficiary to assign to the United States any right of action he may have to enforce such liability of such other person or any right which he may have to share in any money or other property received in satisfaction of such liability of such other person, or the commission may require said beneficiary to prosecute said action in his own name.

"If the beneficiary shall refuse to make such assignment or to prosecute said action in his own name when required by the commission, he shall not be entitled to any compensation under this chapter.

"The cause of action when assigned to the United States may be prosecuted or compromised by the commission, and if the commission realizes upon such cause of action, it shall apply the money or other property so received in the following manner: After deducting the amount of any compensation already paid to the beneficiary and the expense of such realization or collection, which sum shall be placed to the credit of the employees' compensation fund, the surplus, if any, shall be paid to the beneficiary and credited upon any future payments of compensation payable to him on account of the same injury."

This statute quite fully and definitely prescribes the procedure in the event the United States wishes to protect itself for expenditures made on behalf of the enrollee where a third party may be liable in damages to such enrollee for traumatic injury. In the instant case it appears that the defendants made settlement with Ward of all claims for damages. Incidentally, this was with the full knowledge and consent of the plaintiff. Section 777, Title 5 U.S.C.A., makes provision for such a settlement. It is there provided that,

"If an injury or death for which compensation is payable under this chapter is caused under circumstances creating a legal liability in some person other than the United States to pay damages therefor, and a beneficiary entitled to compensation from the United States for such injury or death receives, as a result of a suit brought by him or on his behalf, or as a result of a settlement made by him or on his behalf,

any money or other property in satisfaction of the liability of such other person, such beneficiary shall, after deducting the costs of suit, and a reasonable attorney's fee, apply the money or other property so received in the following manner:

"(A) If his compensation has been paid in whole or in part, he shall refund to the United States the amount of compensation which has been paid by the United States and credit any surplus upon future payments of compensation payable to him on account of the same injury. Any amount so refunded to the United States shall be placed to the credit of the employees' compensation fund.

"(B) If no compensation has been paid to him by the United States, he shall credit the money or other property so received upon any compensation payable to him by the United States on account of the same injury."

Under this section the United States could recover compensation paid in cases where, as in the instant case, there was a settlement. It does not affirmatively appear from the record whether or not the plaintiff required any payment by Ward from the settlement made with the defendants, but manifestly it could have required him to recoup it for the expenditures which it is seeking to recover from defendants. As has been observed, Ward, in whom the cause of action vested, made a full and complete settlement of every type of claim growing out of his injuries. Assuming that defendants' negligence caused Ward's injuries, he could have sued them and recovered for damages, including costs of hospitalization and medical services and for loss of time. True, the United States could have required him to assign the cause of action, or might have required him to bring it in his own name for the benefit of himself and the United States. This, however, it did not do, but permitted him to recover damages in his own right. In such circumstances, it would seem reasonable to assume that the United States had given him these benefits as a gratuity. Wood v. Ford Garage Co., 162 Misc. 87, 293 N.Y.S. 999, 1003, affirmed 252 App.Div. 921, 300 N.Y.S. 1358. In the Wood case, as in the instant case, a Civilian Conservation Corps enrollee was injured. In an action brought he claimed damages for the cost of hospitalization and medical care. It was urged on behalf of the defendants that the United States furnished the care to plaintiff, and hence, he was not entitled to recover from the defendants. In overruling this contention the court, among other things, said: "The defendants nowhere alleged in their answer that there had been any assignment to the United States of this cause of action. Without such assignment, the United States has no right to bring the action against these defendants, and it has no property right therein. Furthermore there is no allegation that the plaintiff has been requested by the Commission to bring the action in his own name; and if there were any such allegation, then it would be an admission on the part of the defendants that the action was properly brought by him. * * * The only cause of action which the United States by any possibility could have, under the Federal Compensation Act, would have to be based upon an assignment to it of the cause of action; it in no event could recover, without such an assignment, against these parties."

We are of the view that the statutory provisions above referred to furnish the exclusive remedy and that resort can not be had to any common-law remedies. Oklahoma City v. Caple, 187 Okl. 600, 105 P.2d 209, 210; Cary v. Burris, 169 Or. 24, 127 P.2d 126. Where an Act of Congress deals with the subjects to which it relates, that Act is paramount and exclusive, and recovery, if at all, must be had in the mode and by and for the persons, and for the reasons, designated in the Act. In Oklahoma City v. Caple, supra, an action for damages was brought by an employee of the Civil Works Administration, and it was contended that plaintiff could not recover because he had accepted compensation from the United States. In rejecting this view, the Supreme Court of Oklahoma said,

"It is not shown that plaintiff was required to or had assigned his cause of action to the United States. Without such assignment the United States has no right to bring the action against the defendant nor does it have any property right therein.

"The act by providing that the injured employee, from the moneys recovered from a third party as a result of a suit brought by him, must reimburse the United States for compensation previously received, necessarily by implication, sanctions the bringing of such action by the injured employee, and a recovery by the employee bars an action by the United States."

In Cary v. Burris, supra [169 Or. 24, 127 P.2d 128], an action was brought by a fed-

eral employee for personal injuries. The defendant sought to exclude the claim for hospital and medical expenses on the ground that the United States was required to furnish them and that plaintiff was out nothing. The trial court sustained this contention, but thereafter granted a new trial. On appeal by the defendant from the order granting a new trial, the Supreme Court of Oregon, in referring to the fact that the United States had not required plaintiff to assign his cause of action, among other things said,

"Without such assignment, the United States has no right to bring the action against the defendant nor does it have any property right therein. The act, by providing that the injured employee, from the moneys recovered from a third party as a result of a suit brought by him, must reimburse the United States for compensation previously received, necessarily by implication, sanctions the bringing of such action by the injured employee, and a recovery by the employee bars an action by the United States. * * *

"Looking at these two federal statutes, it is very clear that the payment to the injured employee is a mere gratuity upon the part of the federal government."

As Congress has provided a method by which the United States can recover, that procedure must be followed or otherwise the right is waived. If such procedure is not exclusive, then a defendant is without protection as under the common law the injured government employee can recover for all elements of damages, including hospitalization and medical services and for loss of time, and the United States might recover for these same elements of damage. There was in fact but one cause of action and that was vested in Ward.

We do not think there was vested in the United States any common-law right growing out of the relationship of master and servant. There is no national common law in the United States distinct from the common law which each state, except the State of Louisiana, has adopted for itself and which it applies as its local law, subject, of course, to such changes as may have been provided by its statutes. Kansas v. Colorado, 206 U.S. 46, 27 S.Ct. 655, 51 L.Ed. 956; Western Union Tel. Co. v. Call Pub. Co., 181 U.S. 92, 21 S.Ct. 561, 45 L.Ed. 765; Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. The accident resulting in Ward's injury occurred in the State of Iowa, and if any common law is to be invoked, it must be the common law of that state. But holding as we do that the relationship of master and servant did not exist between the United States and the enrollee Ward, it is not necessary to pursue the question as to what rights under the common law of Iowa might arise out of such relation. It is argued that the Iowa Workmen's Compensation Law would be applicable, but this we need not consider.

Plaintiff relies upon the decision of the District Court of the United States for the Southern District of California, entitled United States v. Standard Oil Co., 60 F. Supp. 807. The case is readily distinguished in its facts from the instant case. There an enlisted man in the Armed Forces of the United States was injured and the government made expenditures for hospitalization. The court held that the United States was entitled to recover from the third party. However, the status of a soldier in the Armed Forces is very different from the status of an enrollee of the Civilian Conservation Corps. In the law governing the status of a soldier there is no provision making the provisions of the United States Employees' Compensation Act applicable to disability caused by a traumatic injury. In the case of an injured soldier there is no specific provision of law providing a special remedy by which the United States could recover. It is observed that the court in that case expressed the view that the obligations which the government assumes toward a soldier are more legislative than contractual, and that the Congress of the United States, in the exercise of its war powers, has either defined these obligations or allowed the Army establishment to decree them pursuant to a defined congressional policy. In the instant case, as has been pointed out, the statutes creating and defining the Civilian Conservation Corps define in detail the congressional policy applicable in the situation presented.

Plaintiff also relies upon an English case entitled Attorney General v. Valle-Jones, 2 K.B. 209. In that case two Air Corpsmen were injured in a collision between an automobile and a motorcycle. They sued to recover for loss of compensation and medical care. Under the law of England they could not recover for loss of wages nor for cost of hospitalization and medical care because they were furnished by the Crown. Under the common law pre-

vailing in Iowa, however, an injured employee may recover for these elements of damages even though he has been furnished them gratuitously by a third party. Unlike the United States, there is a national common law prevailing in England. The dual system of laws is unknown to English jurisprudence. Under the law as announced in the Valle-Jones case, it would not be possible to compel a defendant in a personal injury action to pay the costs of hospitalization and medical care both to the injured party and to the government which furnished them. But under the common law of Iowa, the injured party is entitled to recover such items of damages, and in this case has in fact been compensated for them, and defendants should not be required to answer twice for the same elements of damage.

We have considered all the other contentions advanced by appellant but are of the view that they are wholly without merit.

The judgment appealed from is therefore affirmed.