628

MORGAN et al. v. WOODRUFF et al.
No. 11986.

Court of Civil Appeals of Texas. Galveston.
Feb. 12, 1948.

Irving G. Mulitz and Frank F. Spata, both of Houston, for relators.

Vinson, Elkins, Weems & Francis, C. M. Hightower and W. B. Browder, Jr., all of Houston, for respondent Brown & Root, Inc.

MONTEITH, Chief Justice.

This action was brought by relators, Wm. L. Morgan and Thomas J. Rogers, as an original proceeding to require respondent, Honorable Phil D. Woodruff, Judge of the 113th District Court of Harris County, by writ of mandamus to proceed to trial and final judgment in Causes Nos. H-346,143,

styled Wm. L. Morgan v. Brown & Root, Inc., and A–346,144, styled Thomas J. Rogers v. Brown & Root, Inc., in the District Court of Harris County, Texas, and to enter an order directing that each of said causes be consolidated for trial with a cause entitled Mrs. Robert E. Quinn et al. v. Brown & Root, Inc., No. B–346,145 on the docket of the 55th District Court of Harris County, in accordance with an order of the Honorable Ewing Boyd, Judge of the 55th Judicial District Court of Texas, and that this Court issue a writ of prohibition commanding Judge Woodruff to refrain from taking any further action on the order entered by Judge Boyd consolidating said causes of action. Respondents, Brown & Root, Inc., the defendant in said suits, and Jesse E. Robinson, the driver of the automobile in which relators were injured, were also made parties to this action.

Relators represented that they had instituted suits above referred to in the District Court of Harris County against the respondent Brown & Root, Inc., for the recovery of damages for injuries alleged to have been received by them while they were employees of the United States Government on a military reservation known as Camp Hood, in Bell County, Texas, while occupants of a truck being operated by respondent, Jesse E. Robinson, which injuries were alleged to have been the result of the negligence of respondent Brown & Root, Inc. · They alleged that Mrs. Robert E. Quinn, Jr., and others, had also instituted suit against the respondent, Brown & Root, Inc., for the recovery of damages by reason of the death of Robert E. Quinn, Jr., in the accident in which relators were injured. Respondent Brown & Root, Inc., filed its answers in the suits filed by relators, including a plea in bar to each of the relators' petitions, and a cross-action against Jesse E. Robinson, driver of the truck in which relators were passengers at the time and place of said accident. On January 12, 1948, the Honorable Ewing Boyd, Judge of the 55th Judicial District Court of Harris County, Texas, on request for preferential setting, entered an order consolidating said causes, so that they might be set down for trial on February 16, 1948.

Thereafter respondent, Honorable Phil D. Woodruff, on January 23, 1948, entered an order abating relators' right to proceed in the above numbered and entitled causes until the United States of America became a party to these suits. He ordered a severance of said causes of action.

Relators alleged that the action of respondent, Judge Woodruff in sustaining respondents' plea in abatement until the United States became a party to their suits, deprived them of their right to proceed to trial and final judgment, in that there is no manner or remedy by which they can bring the United States of America into a State court, and that they have no complete and adequate remedy at law by which to review the action of respondent Judge Woodruff except by writ of mandamus.

It is admitted by the parties that relators' suits were filed as alleged. The respondent Brown & Root, Inc., however, alleged that relators had previously filed claims for and received government compensation and medical and hospital benefits under the United States Employees' Compensation Act, 5 U.S.C.A. § 751 et seq., and that the United States Government had caused said suits to be filed and prosecuted. They further alleged that, in the absence of the United States of America as an actual and named party in said suits, they would be deprived of proper legal defenses; that relators Morgan and Rogers executed enforceable written contracts in which they had assigned their claims against said respondent Brown & Root, Inc., to the United States, and that the United States was a real party in interest in said causes of action.

After a hearing, respondent Judge Woodruff entered an order abating each of said suits until the United States of America became a named party therein, or until such time after such motion and notice as the court should consider proper, to dismiss such suits by reason of the fact that the United States of America had not become a named party therein.

The material facts are undisputed. They are substantially as plead.

On the trial evidence was introduced supporting respondents' allegations that

said suits were being prosecuted by the Regional Attorney of the United States, Mr. Irving Mulitz, and that the respondent Jesse E. Robinson, the driver of the truck at the time relators were injured, was the agent of the United States, and was acting within the scope of his employment.

The contract of employment by the relators and their attorney, Mr. Irving Mulitz, expressly recites that:

"This agreement is not an assignment, but in consideration of the payment of compensation to me I agree to execute an assignment to the United States of any right of action I may have arising out of the aforesaid injury, or any right I may have to share in any money paid in satisfaction of the liability of the party responsible for such injury, at any time such assignment is requested by the United States Employees' Compensation Commission.

"I further agree that in the event of recovery of damages, the proceeds shall be distributed in accordance with the provisions of Sections 26 and 27 of the Compensation Act; and it is further understood that there may be deducted from the gross amount of the settlement the expenses of prosecution, including the attorney's fee approved by the United States Employees' Compensation Commission. * * *". The contract is, in effect, an agreement that, in consideration of the compensation paid relators by the government, they agreed to execute an assignment to the United States Government of any right of action they might have growing out of said injuries at such time as an assignment is requested by the United States Employees' Compensation Commission.

Rule 39, Texas Rules of Civil Procedure, reads:

"(a) Necessary joinder. Except as otherwise provided in these rules, persons having a joint interest shall be made parties and be joined as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff.

"(b) Effect of failure to join. When persons who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court, the court shall order them made parties. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them can be acquired only by their consent or voluntary appearance; but the judgment rendered therein shall not affect the rights or liabilities of persons who are not parties. * * *."

■ In the case of State Board of Health et al. v. Wilson, Tex.Civ.App., 188 S.W.2d 999, writ of error refused, the court in holding that, in the absence of congressional sanction, state courts cannot entertain suits against the United States or its agencies, including corporations created by the national government, quoted with approval the rule stated in 21 C.J.S., Courts, § 525, that "in the absence of congressional sanction, state courts cannot entertain suits against the United States or its agencies, including corporations created by the national government, and are without jurisdiction to control or restrain the official conduct of federal officers or agents, federal courts having exclusive jurisdiction over such suits."

The decisions of other jurisdictions dealing with the right of an agency of the United States Government to indemnification of medical expenses advanced to an employee during his incapacity, with few exceptions, follow substantially the same line of reasoning adopted by our courts.

In the case of Cox v. Detroit United Railway et al., 238 Mich. 527, 213 N.W. 710, the Supreme Court of the State of Michigan, in passing on the exact question involved here, said: "It now appears that plaintiff signed an agreement to assign at any time the Bureau of War Risk Insurance may require. This but follows the statute relative thereto. 1 U.S. Comp.Stat.1919. Supp. chap. 11B. But plaintiff has not assigned, nor has the bureau required or sought assignment of

him. He was the real party in interest. The error therefore was without prejudice."

In the case of Standard Oil Company of California et al. v. United States, 153 F.2d 958, 963, by the 9th Circuit Court of Appeals, the Court, in passing upon the question involved in this appeal, said:

■ "However, it appears in this case that defendant has already discharged this obligation to the principal party, Etzel. In the United States the prevailing rule seems to be that an injured person may recover for wages lost and medical expenses incurred during his incapacity even though such amounts were supplied by insurance, a contract of employment, or gratuitously."

Continuing, the Court said:

"For the same reason the government would have no right of indemnification, even under the broad rule of Restatement of Restitution, * * *.

■ "It is held that in the absence of contractual or statutory right, the party paying wages and medical expenses is not entitled to subrogation or indemnification."

Part 3. Section 3.1 of the rules and regulations promulgated by the United States Employees' Compensation Commission governing the administration of the United States Employees' Compensation Act, relating to civil employees of the United States provides that: "If an injury or death for which compensation is payable under said act is caused under circumstances creating a legal liability upon some person other than the United States to pay damages therefor, the Commission may require the beneficiary to prosecute an action for damages against such third party. When required by the Commission, such cause of action shall be prosecuted in the name of the injured employee or of his personal representative by attorneys designated or approved by the Commission."

Part 3, Section 3.2 of Regulations reads: "If an injury or death for which compensation is payable under said act is caused under circumstances creating a legal liability upon some person other than the United States to pay damages therefor, the beneficiary shall, if required by the Commission, assign any right of action he may have to the United States. *All such assignments shall be in writing and no such cause of action shall vest in the United States unless and until the assignment is accepted by the Commission.*" (Emphasis ours.)

Part 3, Section 3.3 of Regulations reads: "Refusal on the part of a beneficiary to assign his right of action to the United States or to prosecute said action in his own name when required by the Commission shall deprive the employee of all rights to compensation."

■ We have found no provision in the United States Employees' Compensation Act which prevents the filing of an action by the employee or by the personal representative of a deceased employee against a third party.

The following authorities hold that in the absence of an assignment, an injured employee, or his dependents in the case of death, may accept benefits under the Federal Act, and, at the same time, prosecute a damage claim against the third party tort feasor. Lassell v. City of Gloversville, 217 App.Div. 323, 217 N.Y.S. 128; Frank J. Hubbuch v. City of Springfield, 2 Ohio Supp. 86; Dempster Mill Mfg. Co. v. Wiley, Tex.Civ.App., 131 S.W.2d 257.

In the case of Standard Oil Company of California v. United States, 9 Cir., 153 F.2d 958 (affirmed by United States Supreme Court, 329 U.S. 696, 67 S.Ct. 67), it is held that in the absence of a specific statute authorizing subrogation, the United States could not recover the amount of pay and hospitalization furnished a soldier during disability caused by negligent stranger.

The following cases are in accord with the rule above announced: Wood v. Ford Garage Co., 162 Misc. 87, 293 N.Y.S. 999; Dierssen v. Woolever, D.C.Conn., 3 F.R.D. 342; United States v. Klein, 8 Cir., 153 F. 2d 55.

In the case of Lassell v. Gloversville, 217 App.Div. 323, 217 N.Y.S. 128, 129, the court in its opinion said: "Plaintiff in this case was never ordered by the commission

to assign, and has never in fact assigned, his right of action to the United States. Obviously the act contains no provision which would bar the plaintiff from maintaining an action. On the contrary, the act, by providing that the injured employee must, from moneys recovered from the third party as a result of a suit brought by him, reimburse the United States for compensation previously received, necessarily, by implication, sanctions the bringing of such an action by an employee upon his own initiative."

In the instant case it is undisputed that the Bureau of Employees' Compensation Commission has not requested relators to assign, nor have they assigned any part of the causes of action asserted to the United States Employees' Compensation Commission or to the United States of America. Since neither the Employees' Compensation Commission nor any other agency of the United States Government has requested an assignment of such claims, and since there is no method by which relators may bring the Government of the United States into the courts of this State, the abatement of relators' suits would, in effect, eliminate their right to bring an action for the recovery of compensation to which they are alleged to be entitled.

The question presented in the appeal is whether or not the United States Government was a necessary or indispensable party to this action.

Under the record in this case and the authorities above cited, we think that the United States is neither a necessary nor an incidental party in that a final decree can be rendered in the actions brought by relators without either affecting their interests or leaving the controversies in such condition that their final determination may be inconsistent with equity and good conscience. Fischer et al. v. Rio Tire Company et al., Tex.Com.App., 65 S.W.2d 751.

Under the above authorities, relators are, we think, clearly entitled to the writ of mandamus authorizing the trial court to proceed to trial and judgment in said causes.

Writ of mandamus will issue against the respondent Honorable Phil D. Woodruff, Judge of the 113th District Court of Harris County, Texas, directing the said respondent to vacate his order sustaining the pleas of abatement herein and his order severing the consolidated causes, and to proceed to trial and final judgment in said consolidated causes.

Application granted.