## No. 16,744.

LERNER ET AL. *v.* STONE ET AL.

(252 P. [2d] 533)

Decided December 15, 1952. Rehearing denied January 12, 1953.

Mr. LOUIS G. ISAACSON, Mr. WILLIAM H. BURNETT, Mr. JOEL E. STONE, for plaintiffs in error.

Mr. EDWARDD H. SHERMAN, Mr. PHILIP HORNBEIN, SR., for defendant in error Stone.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

ONE phase of this litigation, which apparently is now the controlling factor, was before this court in the case

of *Stone v. Lerner,* 118 Colo. 455, 195 Pac. (2d) 964, in a review of a forcible entry and detainer action in which it was finally determined that Stone had unlawfully retained possession of the premises involved beyond the term of a lease. As an outgrowth of that litigation, Lerner filed the present action against Stone under the provision of our statute, being section 26, chapter 70, '35 C. S. A., for treble damages resulting from the unlawful detention of the premises. Stone, by his answer, in substance, admitted liability under the circumstances, but alleged, and by a counterclaim sought to offset Lerner's claim in that Lerner had violated the terms of the contract of sale of a partnership interest and had entered the premises and destroyed his business.

During the course of the litigation, Eliot Lerner died; Sara Lerner was substituted as party plaintiff, and now appears for herself individually and as administratrix of the estate of Eliot Lerner. In the course of the trial it developed that Stone had formed a corporation which took over his business while he was occupying the premises during the period of unlawful detention, the court dismissed Stone's counterclaim on the ground that he had not shown damage personally sustained; that the unlawful detention was by the corporation; and then directed a verdict for plaintiff Lerner for the nominal sum of one dollar trebled because plaintiff had failed to show what portion of the premises was occupied by Stone, defendant, and what portion was occupied by the corporation which was not a party to the action. The orders and judgments so entered are brought here by the Lerners for review.

It appears from the record that on May 13, 1943, a partnership existed between S. G. Lerner, Stone and Schwartz, which operated a business under the name of Capitol Fixture and Supply Company at 1430 Larimer street, Denver, Colorado. The partners had a lease on the premises at that location, which by its terms would expire on September 3, 1947. This lease had previously

been renewable. On August 11, 1945, Lerner notified Herman Goalstone (name later changed to Herman Stone) that he desired the dissolution of the copartnership firm formed by the agreement of May 13, 1943, and, in conformity with said agreement gave the required notice to buy or sell, offered to pay Stone the sum of $16,000 in full for his entire net interest in and to the assets of the said copartnership, *including* good will, and in turn offered to accept that amount for his interest, *including* good will. This offer to sell was accepted by Stone, and Lerner transferred his undivided one-third interest to Stone and Schwartz who continued the partnership operations until Stone shortly thereafter bought out the interest of Schwartz and became the sole owner of the business. The written sale and dissolution agreement was signed by all of the partners on September 13, 1945, and is silent on the item of good will.

As hereinbefore noted, the original partnership had a lease on the premises with expiration date as of September 13, 1945, and in the month of June 1946, persons related to Lerner acquired the leased premises by purchase, and shortly thereafter title was conveyed to Lerner. It is stated that this ownership was concealed by Lerner until July 24, 1947, when a written notice was served on Stone to vacate upon the termination of the lease. Stone refused to vacate, and the forcible entry and detainer suit hereinbefore mentioned was instituted in the justice court by Lerner, who recovered judgment for possession, and Stone, as is provided, appealed the case to the county court, there met with an adverse decision and he promptly brought the case here on writ of error to the county court. In the trial in the county court, Stone presented his reasons for not vacating and based his defense on the provisions of the sale and dissolution agreement wherein Stone contended that Lerner had sold and received consideration for the good will of the partnership as a part of the assets; that the good will included the right to continue to do business at

"same old stand;" and that therefore there was an implied contract on the part of Lerner not to interfere on the partnership, or in the right of the partnership to continue, nor to interfere with the leasing of the property to the partnership. On review by this court, it was determined that in the action for forcible entry and detainer, these equitable defenses were not available against the claim of the holder of the legal title in his right to possession, and the judgment of the county court was affirmed.

In the present action Lerner sought treble damages against Stone for holding over, and prayed for an accounting of Stone's business during the period involved. Stone answered and counterclaimed generally as in the county court. During the trial it developed that Stone, about a year prior to the expiration of the lease, had incorporated a company under the same name as the partnership had carried, and transferred all of his interest and ownership of the business into the corporation in return for all of its stock except two qualifying shares. It was clearly and definitely established that Stone owned the corporation and all of its assets, lock, stock and barrel, by virtue of his stock interest and had complete and full control of the corporation's operations. Throughout all of the proceedings leading up to the trial and during the course of almost the entire trial, in which the corporation was not a party, Stone was considered the real party in interest until the matter of the incorporation was disclosed, at which time Stone moved for leave to join the corporation as a necessary party defendant. This motion was objected to on the ground that the answer and counterclaim filed by defendant Stone specifically stated that he, personally, suffered the cost of suit, loss of profits and injury to business. Further objection was made that the evidence in the case was all in; that defendant Stone had rested, and there had not been any testimony relative to any contract which might have existed between plaintiff Lerner and the corpora-

tion. The court overruled the objection, stating that there was no allegation in the pleadings, nor proof in the record, which would permit an amendment to conform with the proof, or to show that plaintiff Lerner had anything to do with the corporation, and motion was made by plaintiff Lerner for a directed verdict, and also by defendant Stone.

The trial court in ruling on the objection stated that there was no evidence adduced by plaintiff showing the reasonable rental value of that portion of the premises personally occupied by Stone, and since it was shown that the corporation was in possession and holding over under the lease, that the judgment against Stone would be nominal, which it fixed at the sum of one dollar and trebled under the statute, and directed the jury to return such a verdict. The court further entered an order dismissing the counterclaim of Stone on the ground that he did not sustain the burden of proof that any damage resulted to him personally, and if any harm occurred, it was done to the corporation, and the corporation was not involved in this case.

It was clearly established that upon the eviction of Stone under the forcible entry and detainer proceedings, Lerner immediately moved into the premises and sought to establish a similar business; sent circulars to old customers with a view to attracting their patronage; and, of course, Stone and his corporation were completely dispossessed and Stone claimed damages as a result thereof. At this point it seems proper to say that in view of the disclosures in the trial concerning the corporation, that it appeared that Stone was in fact the corporation, that in order to have a proper judgment for these parties and the interests they represented, justice requires that leave to amend should have been granted, because, under Rules 15 and 21, R.C.P. Colo., provision is made that leave to amend shall be freely given when justice so requires, and further parties may be added by order of court on motion at any stage of the proceeding.

Plaintiffs in error Lerner specify certain points for modification of the judgment of the trial court and assert that it erred in directing a verdict for the amount of three dollars and in denying motion for directed verdict in the amount of $9,900.00; that the court erroneously permitted defendant to strike from his answer an allegation of an offer to pay plaintiff a stated amount of rent alleged to be a reasonable value of the premises occupied by him after termination of the lease; and further, that the court erred in excluding evidence of the expenses incurred by plaintiff in recovering possession of the realty involved. Defendant in error Stone filed cross specification of points, which summarized are, in effect, that the court erred in dismissing his counterclaim on the ground that the damages suffered were not the damages of defendant Stone, but of the corporation; that the trial court erred in refusing to disregard the corporate fiction under the circumstances of the case by holding that the cause of action set forth in the counterclaim belonged to the corporation and not to defendant Stone; that the finding of the trial court that, for the purposes of plaintiff's claim for damage, the real party in interest was Stone, but for the purposes of a counterclaim, it was the corporation; and finally the court's refusal to grant the motion for joinder or substitution of parties defendant.

 There is little reason, if any, for detailing the testimony, which is lengthy and consists of over 600 folios of the record, because, as to the questions necessary for determination of this case, there is no dispute of consequence. That there was an unlawful holding over under the lease for a period of eleven months has been thoroughly adjudicated. This adjudication established a prima facie case under our statute for damages, the amount of which was to be determined upon trial. Although defendant Stone was successful on his motion to strike from his answer the allegation of offer of payment in a reasonable sum to be determined, he does not con-

tend that he is free of liability for the holding over, but insists, by his counterclaim, that whatever the amount of damage for which he is liable be offset by damage resulting from Lerner's violation of the partnership settlement and injury to his business. It is clearly established that Lerner, upon eviction of Stone, entered into possession of the premises; sought to establish a competitive business; and by such action totally and wholly destroyed the good will for which he offered and received a consideration. As hereinbefore stated the "buy or sell" offer made by Lerner included "good will." While the final written agreement representing the acceptance by Stone of Lerner's offer is silent as to the matter of "good will," it follows as a necessary implication that the "good will" as offered was accepted and paid for, unless specifically excluded. Good will has long been accepted, and so treated, as an attribute of a business, trade or profession. It has no existence as property in and of itself; however, it is an incident of a continuing business having locality or name. 24 American Jurisprudence, page 804, section 4. In some jurisdictions the rule seems to be firmly settled that one who voluntarily sells the good will of a business thereby precludes himself from setting up a competing business which will derogate from the good will which he has sold. That rule has particular application here because of the circumstances that the "good will" here impliedly conveyed, carried with it the name and location of the business. "All definitions of good will incorporate as one of the chief elements thereof the advantage accruing to a vendee from the old business stand, and it is particularly important in the case of a trade or business of a commercial character. The building or business stand usually accompanies the sale of a good will strictly so called, and it has been said with relation to some classes of business that the good will exclusively appertains to a given and designated locality. * * *." 24 American Jurisprudence, page 806, section 6. Arriving at this conclusion, amply supported by

the circumstances of this case, it follows that there is merit to a counterclaim, in some measure, as against S. G. Lerner, which presents the next question: Was the trial court in error in determining that Stone, under the circumstances, was not personally in position to make counterclaim instead of the corporation? The answer is evident. The trial court would have been clearly justified in determining, under all the circumstances of the case, that Stone was the real party in interest and permit him the opportunity to establish his counterclaim; or, on the other hand, permit him, on his motion, timely made, to make the corporation a party defendant and thereby meet the ends of justice in the case without further or independent litigation. It is not at all difficult, from the evidence before the trial court, to determine as to who was the real party in interest in the matter of the counterclaim. All of the business of the corporation was acquired from Stone as his personal interest and for which he received the entire stock of the company, less two qualifying shares. Any entire gain or loss had or sustained by the corporation would solely affect Stone's interest therein, as the owner, so to speak, of the corporation. "The 'real party in interest' is the party who would be benefitted or injured by the judgment or the 'party entitled to the avails of the suit.' 'Interest,' within the meaning of this rule, means material interest, an interest in issue and to be affected by the decree, as distinguished from mere interest in the question involved, or mere incidental interest." 1 Sutherland's Code Pleading, Practice and Forms, page 11, section 12.

It thus definitely appears that Stone was the real party in interest so far as the matter of counterclaim was concerned and the matter of the counterclaim should not have been dismissed.

The cause is remanded with directions to the trial court to vacate the nominal judgment entered in favor of plaintiff and proceed to hear evidence as to the amount of judgment to which plaintiff would be entitled

upon proof, and then to proceed by reinstating the counterclaim as filed by Stone, the real party in interest, or in the alternative, permit the addition of the corporation as a party to the litigation.

MR. JUSTICE CLARK not participating.

MR. JUSTICE KNAUSS concurs in the result.