**Patricia ARNOLD, Executrix of the Estate of Jake Arnold, Deceased,**

v.

**AERMOTOR, INC.**

**Civ. A. No. 35481.**

United States District Court
E. D. Pennsylvania.

Aug. 17, 1965.

Klovsky, Kuby & Harris, Benjamin Kuby, Philadelphia, Pa., for plaintiff.

John B. Hannum, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

Plaintiff seeks recovery from defendant under the Pennsylvania Survival and Wrongful Death Statutes. Before us now is defendant's motion to join the United States as a party plaintiff.

The complaint alleges, in substance, that plaintiff's decedent, an employee of the United States Coast and Geodetic Survey, while in the performance of his duty, sustained serious injuries from which he subsequently died, as the result of a fall from a metal tower, designed, manufactured and sold to the United States by the defendant. Plaintiff bases her claim on allegations of defendant's negligence and breach of warranty.

Defendant asserts, in support of its motion, that the United States is a partial subrogee of plaintiff's claim under the provisions of the Federal Employees' Compensation Act, 5 U.S.C. § 751 et seq.; that, as such partial subrogee, the United States has a joint interest with plaintiff in this action, within the meaning of Rule 19(a), and is a real party in interest under Rule 17(a), of the Federal Rules of Civil Procedure; that, therefore, the United States ought to be joined as party plaintiff, if complete relief is to be accorded and defendant protected from defending a subsequent separate action by the United States.

After full consideration we conclude that, under the facts and the applicable law, the United States is not a "real party in interest," and has no "joint interest" with plaintiff in this action.

To qualify it as a real party in interest, the United States must be found to have a substantive right against defendant. United States v. Aetna Surety Co., 338 U.S. 368, 377, 381, 70 S.Ct. 207, 94 L.Ed. 171 (1949). We look to the provisions of the Federal Employees' Compensation Act to determine any rights the United States may have against defendant. Section 26 of the Act, 5 U.S.C. § 776, provides:

"If an injury or death for which compensation is payable under sections 751–756, 757–781, 783–791 and 793 of this title is caused under circumstances creating a legal liability upon some person other than the United States to pay damages therefor, the Secretary may require the beneficiary to assign to the United States any right of action he may have to enforce such liability of such other person or any right which he may have to share in any money or other property received in satisfaction of such liability of such other person, or the Secretary may require said beneficiary to prosecute said action in his own name. Any employee who is required to appear as a party or witness in the prosecution of said action is, while so engaged, in an active duty status.

"If the beneficiary shall refuse to make such assignment or to prosecute said action in his own name when required by the Secretary, he shall not be entitled to any compensation under sections 751–756, 757–781, 783–791 and 793 of this title.

"The cause of action when assigned to the United States may be prosecuted or compromised by the Secretary, and if the Secretary realizes upon such cause of action, he shall apply the money or other property so received in the following manner: After deducting the amount of any compensation already paid to the beneficiary and the expense of such realization or collection, which sum shall be placed to the credit of the employees' compensation fund, the surplus, if any, shall be paid to the beneficiary and credited upon any future payments of compensation payable to him on account of the same injury."

Section 27 of the Act, 5 U.S.C. § 777, provides:

"If an injury or death for which compensation is payable under this chapter is caused under circumstances creating a legal liability in some person other than the United States to pay damages therefor, and a beneficiary entitled to compensation from the United States for such injury or death receives, as a result of a suit brought by him or on his behalf, or as a result of a settlement made by him or on his behalf, any money or other property in satisfaction of the liability of such other person, such beneficiary shall, after deducting the costs of suit and a reasonable attorney's fee, apply the money or other property so received in the following manner:

(A) If his compensation has been paid in whole or in part, he shall refund to the United States the amount of compensation which has been paid by the United States and credit any surplus upon future payments of compensation payable to him on account of the same injury. Any amount so refunded to the United States shall be placed to the credit of the employees' compensation fund.

(B) If no compensation has been paid to him by the United States, he shall credit the money or other property so received upon any compensation payable to him by the United States on account of the same injury."

We think it clear that the United States has no substantive right against the alleged *tortfeasor* in the absence of an assignment under 5 U.S.C. § 776, supra. In our view the statutory provision furnishes the exclusive remedy, and resort may not be had to common-law remedies. "Where an Act of Congress deals with the subjects to which it relates, that Act is paramount and exclusive, and recovery, if at all, must be had in the mode and by and for the persons, and for the reasons, designated in the Act." United States v. Klein, 153 F.2d 55, 59 (8th Cir. 1946). As stated in Klein, in a somewhat different, but related, context at p. 60:

"As Congress has provided a method by which the United States can recover, that procedure must be followed or otherwise the right is waived. If such procedure is not exclusive, then a defendant is without protection as under the common law the injured government employee can recover for all elements of damages, including hospitalization and medical services and for loss of time, and the United States might recover for these same elements of damage. There was in fact but one cause of action and that was vested in Ward.

"We do not think there was vested in the United States any common-law right growing out of the relationship of master and servant. There is no national common law in the United States distinct from the common law which each state, except the State of Louisiana, has adopted for itself and which it applies as its local law, subject, of course, to such changes as may have been provided by its statutes. Kansas v. Colorado, 206 U.S. 46, 27 S.Ct. 655, 51 L.Ed. 956; Western Union Tel. Co. v. Call Pub. Co., 181 U.S. 92, 21 S.Ct. 561, 45 L.Ed. 765; Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487."

It has been held repeatedly that without an assignment the United States has no right to bring the action against the defendant, nor does it have any property right therein. United States v. Klein; supra, and cases cited; Louisville & Nashville Railroad Company v. Rochelle, 252 F.2d 730 (6th Cir. 1958).

The record before us contains the affidavit of the Director of the Bureau of Employees' Compensation, United States Department of Labor, stating that there has been no assignment either by decedent or by the plaintiff of any cause of

action against defendant. It follows that the United States has no substantive right against the defendant, is not a real party in interest, and has no joint interest with the plaintiff in this action.

We think defendant's reliance on United States v. Aetna Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949), is misplaced. That case upheld the right of an insurer-subrogee, as a real party in interest, to sue the United States under the Tort Claims Act. In that case, however, the insurer acquired its substantive right against the United States by subrogation under State laws. In the instant case, on the other hand, the United States has only those rights conferred upon it by the Compensation Act, and, under that Act, the United States acquired no substantive right against the defendant in the absence of an assignment.

Defendant challenges the validity of that part of the Regulations which provides, 20 C.F.R. § 3.2:

"All such assignments [to the United States] shall be in writing and no such cause of action shall vest in the United States unless and until the assignment is accepted by the Bureau."

Since, in our view, the Regulation merely makes explicit what is implicit in the Act itself, as above noted, we have no doubt as to its validity.

■ Defendant claims, "upon information and belief," that plaintiff entered into an agreement with the United States similar to that appearing in Louisville & Nashville Railroad Company v. Rochelle, supra, 252 F.2d, at p. 735. Defendant asks us to hold that this agreement "amounts in substance, despite its form, to the statutory 'assignment' required by 20 C.F.R. § 3.2 before any cause of action as subrogee vests in the United States." The agreement, however, expressly states that it "is not an assignment." As stated in Rochelle, at p. 735: "While there is an agreement on the part of the claimant to assign when requested by the Bureau, this

plainly is not a transfer of any present interest. It is merely a promise to transfer the interest in the future."

■ Apart from the foregoing considerations, we think the doctrine of sovereign immunity requires the denial of defendant's motion. Our own research has disclosed a case directly in point. In Dierssen v. Woolever, 3 F.R.D. 342 (D.Conn.1944), it was held that:

"Defendant's motion to cite as a party plaintiff the United States which allegedly had paid compensation and medical expenses to the plaintiff who was a government employee at time of injury could not be granted, where there was no showing of permission by United States to submit to suit under the Compensation Act."

Accordingly, we make the following

### ORDER

Now, August 17, 1965, it is ordered that defendant's motion to join the United States as a party plaintiff be, and it is, denied.