488 P.2d 228 (1971)
Kenneth K. KRUEGER, Plaintiff in Error,
v.
MERRIMAN ELECTRIC, Defendant in Error.
No. 70-660, (Supreme Court No. 24047.)
Colorado Court of Appeals, Division II.
June 8, 1971.
Rehearing Denied June 29, 1971.
Certiorari Denied September 13, 1971.
*229 Howard G. Allspach, Denver, for plaintiff in error.
Duane O. Littell, Denver, for defendant in error.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This case was transferred from the Supreme Court pursuant to statute.
Krueger, plaintiff below, asserts error to a judgment dismissing his complaint upon motion to dismiss filed by defendant, Merriman Electric.
The motion to dismiss asserted two grounds; that the complaint failed to state a claim against Merriman upon which relief could be granted, and that plaintiff had failed to join an indispensable party in that Krueger had previously elected to accept workmen's compensation, had received an award and that therefore the Industrial Commission of the State of Colorado was an indispensable party.
The trial court granted the motion, "* * for the reason that the plaintiff has elected to take compensation for injury incurred under Workmen's Compensation Act, and therefore, cannot maintain this action seeking damages for the identical injury." We hold that this was error and reverse the judgment.
The pertinent facts, agreed to by the parties, are that Krueger was an employee of Construction Specialties Company, a subcontractor on a job pursuant to contract with ESCO Construction Company, who was the general contractor. Merriman was also a subcontractor on the job. Krueger's employer and Merriman each had contracts with ESCO, but there were no contractual relationships between the two subcontractors.
It is undisputed that Krueger was injured in the course of his employment; that he filed a claim with the Industrial Commission for workmen's compensation; *230 and that he received a lump sum award in the sum of $2752.10.
Thereafter Krueger brought this action against Merriman alleging that his injuries were the result of negligence on the part of Merriman or an employee of Merriman, and asserting damages in the amount of $60,000.
The issues to be determined are:
I. Was Krueger the proper party plaintiff in the action?
II. Did Krueger's election to receive benefits under the Workmen's Compensation Act, and the award of the Industrial Commission thereunder, bar him from prosecuting a common law action against a third party tort-feasor?
III. Is an employee of one subcontractor barred by C.R.S.1963, 81-9-1(2), from bringing an action against another subcontractor (and his employee) on the same job, as a third party tort-feasor?

I
Although the trial court based its dismissal on the election of remedies issue, Merriman urged dismissal based on Krueger's failure to join the Industrial Commission after receiving a workmen's compensation award. In determining the validity of this latter issue, certain additional facts are material. At the time of filing his claim with the Industrial Commission, Krueger signed two documents which are part of the record. The first was his election to accept benefits under the Workmen's Compensation Act in which he acknowledged that he assigned by operation of law to the Industrial Commission (since the State Compensation Insurance Fund was ESCO'S insurance carrier) compensation awarded "* * * to the extent of all payments made * * *." by the carrier to him or on his behalf.
The second document was designated "Third Party Contract." It was signed by Krueger and the State Compensation Insurance Fund. Under this contract the Fund agreed to pay all compensation duly awarded to Krueger and Krueger agreed to prosecute an action against any third party tort-feasors and to pay over to the Fund such amount of the recovery, if any, from the third party as would be necessary to repay the Fund for the compensation paid by the Fund to Krueger.
Six days after the suit was filed the Industrial Commission approved in writing the Third Party Contract and assigned to Krueger the right of action to which the Commission had been subrogated, subject to the terms of the Third Party Contract. This assignment was filed with the trial court at the hearing on the motion to dismiss.
Improper joinder of parties is not a ground for dismissal of the action. R.C.P. Colo. 21 states "Misjoinder of parties is not ground for dismissal of an action." Accord, Lerner v. Stone, 126 Colo. 589, 252 P.2d 533. The proper remedy for misjoinder is to require the party against whom the objection lies to bring in such additional parties as are required or permitted by the rules. This requirement can be met either by actually joining the omitted party or by establishing that the rights of the omitted party are properly under the jurisdiction of the court for determination. This latter result can be accomplished, as was done here, by an assignment of the right of action to the person who actually prosecutes it. Assignments for collection have long been recognized as valid in Colorado. The assignee thereof is the real party in interest and entitled to prosecute the claim. Bankers Trust Co. v. International Trust Co., 108 Colo. 15, 113 P.2d 656.
Merriman asserts however that the rights of the Industrial Commission cannot be assigned by it. We do not agree. Rights acquired by subrogation are assignable. Rose and Lucy, Inc. v. F/V Saint Anna Maria, D.C., 284 F.Supp. 141. In the cited case the court stated that the assignment of its subrogation rights by an insurance company to the injured party was valid and simply avoided circuitous procedure. There is nothing in the statute which prohibits the Industrial Commission from following procedures *231 available to private insurers in this regard. It therefore follows that the assignment from the Industrial Commission to Krueger was valid.
Thus, under such circumstances, dismissal of the complaint for failure to join the Industrial Commission should not be permitted. Rather, the trial court should permit the complaint to be amended to include facts which, if later proven, would establish the employee's right to prosecute the action as the real party in interest.

II
An election to accept workmen's compensation and an award of benefits under the Act do not preclude the injured employee from bringing an action against a third party tort-feasor. He is a proper party. Wilson v. Smith, 110 Colo. 68, 130 P.2d 1053. Further, in Drake v. Hodges, 114 Colo. 10, 161 P.2d 338, the Supreme Court held it to be settled beyond dispute that an injured employee does not lose or waive his right of action against a third party by exercising his rights under a workmen's compensation act. The court said that such acts "* * * do not concern rights of action by employees against third party tort-feasors, except as to the proper allocation of the amounts recovered under such actions equitably between the employee and the employer." See also Chartier v. Winslow Crane Service, 142 Colo. 294, 350 P.2d 1044, and Froid v. Knowles, 95 Colo. 223, 36 P.2d 156.
The dismissal of the complaint on the ground of election of remedies was therefore erroneous.

III
The motion to dismiss asserted the further ground that the complaint failed to state a claim against the defendants. This was based on Merriman's interpretation of C.R.S.1963, 81-9-1. As applicable here, subparagraph (1) of that section provides:
"(1) Any person, company, or corporation * * * engaged in or conducting any business by * * * contracting out any part or all of the work thereof to any * * * subcontractor * * * shall be construed to be and be an employer as defined in this chapter, and shall be liable as provided in this chapter to pay compensation for injury or death resulting therefrom to said * * * subcontractors and their employees * * *."
Subparagraph (2) provides:
"(2) If said * * * subcontractor shall himself be an employer, as defined in this chapter, in the doing of such work, and shall before commencing such work insure, and shall keep insured his liability for compensation as provided in this chapter, neither said * * * subcontractor, its employees or its insurer shall have any right of contribution or action of any kind including actions under section 81-13-8, against the person, company or corporation operating or engaged in or conducting any business by leasing or contracting out any part or all of the work thereof."
Merriman contends that subparagraph (2) prevents Krueger from bringing this action since Merriman subcontracted out part of its work, and Krueger's employer, Construction Specialties, carried workmen's compensation insurance. We do not agree.
This section of the statute (81-9-1) has existed in its present form since 1963. C.R.S.1963, 81-9-1, was amended in 1963 to its present form as quoted above. Prior to that amendment the section provided that if the subcontractor had and maintained compensation insurance then the contractor who was engaged in or conducting a business (by subcontracting out part of the work) would not be subject to the provisions of the section. In 1960, in Thomas v. Farnsworth Chambers Co., 286 F.2d 270, the United States Court of Appeals for the Tenth Circuit interpreted this section and held that an employee of an insured subcontractor was not deprived of his right *232 to bring a third party action against the principal contractor by this section since the principal contractor only became a "statutory employer" when the subcontractor was uninsured. In other words statutory immunity went hand in hand with statutory liability. Only when the principal contractor was liable for payment of workmen's compensation was he immune from common law liability.
The 1963 amendment deleted the sentence which relieved the principal contractor of statutory liability when the subcontractor was insured and added in its place subparagraph (2) quoted above. The two subparagraphs must be construed together. Under subparagraph (2) the right to bring third party actions, referred to in the statute as "actions under section 81-13-8," is denied only as against "the person, * * * engaged in or conducting any business by * * * contracting out any part or all of the work thereof." (Emphasis supplied.) The person thus protected from third party liability is the person on whom statutory liability is imposed; i. e., the principal contractor.
The statute does not impose any workmen's compensation liability on a subcontractor for injury to an employee of another subcontractor on the same job, and as was stated in Thomas, supra, "* * * we see no statutory reason for not saying that the immunity from common law liability granted by the act should be co-existent with the factum of statutory liability." Where the act does not expressly limit the remedies of the employee the courts are not at liberty to read any such limitation into the statute. Chartier v. Winslow Crane Service Co., supra.
C.R.S.1963, 81-9-1, does not grant immunity to subcontractors for torts against employees of other subcontractors.
The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.
ENOCH and DUFFORD, JJ., concur.