498 P.2d 965 (1972)
H & H PRODUCTS, INC., Plaintiff-Appellee,
v.
Alvin R. HUGHES, Defendant-Appellant.
No. 71-288.
Colorado Court of Appeals, Div. II.
June 13, 1972.
J. W. Karford, Englewood, for plaintiff-appellee.
King M. Trimble, Denver, for defendant-appellant.
Not Selected for Official Publication.
DWYER, Judge.
Plaintiff-appellee, H & H Products, Inc., a corporation, recovered a judgment in the *966 amount of $4,014 against the defendant-appellant, Alvin Hughes. The judgment is based upon a finding by the trial court that defendant, a stockholder and former officer and director of the corporation, had converted corporate assets to his own use. Defendant has appealed from the judgment entered against him, and the corporation has cross-appealed from the dismissal of other claims which it had asserted in the action. We affirm the judgment.
In February 1967, Alvin Hughes, the defendant, and Preston Hester, who later became president of plaintiff-corporation, organized H & H Products, Inc. They both became officers and directors of the corporation, and each acquired 500 shares of capital stock. In 1968, an additional 500 shares of stock was issued to Hester's mother. The corporation acquired two businesses which it operated under the trade names of Orange Julius and Trend Shoes. Hester managed the Orange Julius operation, and defendant managed the Trend Shoes business. The Trend Shoes business was operated in leased space located in a store known as Trend Department Store. The department store was owned and operated by a person who was not associated with the corporation.
By early 1969, the defendant had become dissatisfied with Hester's management of Orange Julius. The defendant discussed with Hester the dissolution of the corporation and a division of its assets. No written agreement was entered into by the parties, and no action was taken to dissolve the corporation.
In August 1969, the defendant leased the building in which Trend Shoes and the Trend Department Store are located, purchased the assets of the Trend Department Store, took the assets of Trend Shoes into his sole possession and control, and thereafter operated Trend Shoes as a department of the Trend Department Store and as his own business.
The corporation in its complaint alleged that the defendant, in taking possession of the Trend Shoes business, had converted assets of the corporation and that, in purchasing the Trend Department Store, defendant had breached a fiduciary obligation to the corporation. The defendant denied these allegations and asserted that he was the owner of the Trend Shoes business pursuant to an agreement with Hester to dissolve the corporation and divide its assets.
The trial court found that the defendant and Hester had entered into negotiations for the dissolution of the corporation and division of its assets but that the negotiations did not culminate in an agreement. The court accordingly found that defendant had converted the assets of Trend Shoes and entered judgment in favor of the corporation for the value of the assets converted. The court found that the defendant had not breached his fiduciary obligation to the corporation and entered judgment in favor of the defendant on this claim. The first of these findings is challenged by defendant and the second by the corporation. Both challenges are on the basis that the findings are contrary to the evidence.
In a trial to the court, the credibility of the witnesses, the sufficiency, probative effect, and weight of all the evidence, and the inferences and conclusions to be drawn therefrom, are all matters within the province of the trial court whose conclusions will not be disturbed on review unless so clearly erroneous as to find no support in the record. Adler v. Adler, 167 Colo. 145, 445 P.2d 906; Hipps v. Hennig, 167 Colo. 358, 447 P.2d 700. A review of the record does not establish that the court's findings are clearly erroneous, and, accordingly, they will not be disturbed.
The defendant also contends that the amount of damages assessed by the court is not supported by the evidence. The court awarded plaintiff as damages the amount *967 it determined to be the value of the Trend Shoes business.
In fixing the value of the business, the court included good will as an asset of the business. This was proper. Good will is an intangible element that inheres to the value of a going business. In Re Glant's Estate, 57 Wash.2d 309, 356 P.2d 707. See also Lerner v. Stone, 126 Colo. 589, 252 P.2d 533, where good will is defined as follows:
"Good will has long been accepted, and so treated, as an attribute of a business, trade or profession. It has no existence as property in and of itself; however, it is an incident of a continuing business having locality or name."
At the trial, a certified public accountant expressed his opinion of the value of the good will of Trend Shoes. This expert testified that he had made an analysis of the financial statements of the business and that he had arrived at his opinion by the use of an approved accounting formula for determining the value of this intangible element of a going business.
The defendant contends that the financial information upon which the accountant based his opinion was insufficient because the business had been in operation for only twenty-one months. The opinion of the accountant was admissible notwithstanding the fact that it was based on financial information covering only a short period of operation. This limitation was a factor to be considered in determining the weight to be given the testimony but did not affect its admissibility.
The testimony of the accountant and the other evidence in the record concerning the nature, character, and location of the business support the court's finding of the value of the good will of the business.
Defendant's other claims of error are without merit.
Judgment affirmed.
ENOCH and PIERCE, JJ., concur.