**Elvyn O. HOLLINGSWORTH and Lois N. Hollingsworth, Plaintiffs-Appellants,**

**v.**

**Terry F. SATTERWHITE and Robin Satterwhite, Defendants-Appellees.**

**No. 84CA1420.**

Colorado Court of Appeals,
Div. I.

June 26, 1986.

---

Stephen J. Sletta, P.C., Stephen J. Sletta, Colorado Springs, for plaintiffs-appellants.

The Law Firm of Melat & Pressman, E. Steven Ezell, Colorado Springs, for defendants-appellees.

BABCOCK, Judge.

Plaintiffs, Elvyn O. and Lois N. Hollingsworth, appeal the judgment of dismissal of their negligence action against defendants, Terry F. and Robin Satterwhite. We reverse.

Elvyn O. Hollingsworth (Elvyn), an employee of the Post Office, was injured in a

fall on defendant's steps while delivering the mail. Following the injury, he applied for and received disability benefits from the Department of Labor (the Department) pursuant to 5 U.S.C. 8101, et seq. (Federal Employees' Compensation Act).

The Department directed Elvyn to consult an attorney to determine whether any third-party liability existed. It further directed him, over his objection, either to bring an action against defendants in his own name or forfeit his disability benefits and reimburse the Department for those benefits paid.

Defendants moved to dismiss for failure to join an indispensable party. The trial court found that, because of the control and direction exerted by the Department over Elvyn, the United States, through the Department, was the real party in interest, and was an indispensable party to the action and granted the motion to dismiss. Plaintiffs assert that this ruling is erroneous. We agree.

■ Under C.R.C.P. 17(a), a real party in interest is a party who, by the substantive law, has the right sought to be enforced. *See Jouflas v. Wyatt*, 646 P.2d 946 (Colo.App.1982); *see generally* 3A *Moore's Federal Practice* § 17.07 (2d ed. 1985). In actions for negligence, the real party in interest is the person to whom the duty of care was owed, *i.e.* plaintiffs in this case. *See Palmer v. A.H. Robins Co.*, 684 P.2d 187 (Colo.1984).

Here, the Department elected to require Elvyn to bring the action in his own name rather than to require him to assign the right of action to it. *See* 5 U.S.C. 8131(a)(1) and (2). Further, the demand on Elvyn by the Department to bring suit or risk the forfeiture of benefits was statutorily authorized. *See* 5 U.S.C. 8131(b).

■ Under 5 U.S.C. 8131, despite the control the Department may exercise over a federal employee regarding the bringing of an action against a third-party tortfeasor, it cannot be a real party in interest in that action, unless the employee has assigned to it the cause of action. *Louisville & Nashville R.R. Co. v. Rochelle*, 252 F.2d 730 (6th Cir.1958); *see Arnold v. Aer-*

*motor, Inc.*, 244 F.Supp. 589 (E.D.Penn. 1965); *Busey v. Washington*, 225 F.Supp. 416 (D.C.D.C.1964); *Lassell v. City of Gloversville*, 217 App.Div. 323, 217 N.Y.S. 128 (1926). Therefore, we conclude that the United States, through the Department, did not become a real party in interest to the action merely because the Department exercised some control over the suit. *Louisville & Nashville R.R. Co. v. Rochelle, supra.*

■ Further, one is not an indispensable party to an action if a judgment can be entered which will do justice between the parties before the court without injuriously affecting a right of the absent party. C.R. C.P. 19; *Woodco v. Lindahl*, 152 Colo. 49, 380 P.2d 234 (1963). Here, the Department had no independent right of action because there was no assignment to it from Elvyn. *See Louisville & Nashville R.R. Co. v. Rochelle, supra; U.S. v. Klein*, 153 F.2d 55 (8th Cir.1946); *cf.* § 8–52–108, C.R.S.; *Kirkham v. Hickerson Bros. Truck Co.*, 29 Colo.App. 303, 485 P.2d 513 (1971); *Krueger v. Merriman Electric*, 29 Colo.App. 492, 488 P.2d 228 (1971).

■ Moreover, pursuant to the statute the Department's subrogation rights would arise only upon the success of Elvyn's action. *See* 5 U.S.C. 8132; *Louisville & Nashville R.R. Co. v. Rochelle, supra; U.S. v. Klein, supra.* Therefore, because the Department had neither a right of action nor an unconditional right of subrogation, we conclude that the United States, through the Department, was neither a necessary nor indispensable party, and hold that the trial court erred in so ruling. *See Louisville & Nashville R.R. Co. v. Rochelle, supra; cf. Krueger v. Merriman Electric, supra.*

The judgment of dismissal is reversed and the cause is remanded for reinstatement of plaintiffs' complaint.

ENOCH, C.J., and KELLY, J., concur.

question, statement might have influenced outcome of trial.